GENE BORKOSKI, Plaintiff-Appellee, *v.* IRENE TUMILTY *et al.*, Defendants-Appellants.

Third District   No. 76-441

Opinion filed September 28, 1977.—Rehearing denied October 31, 1977.

Kevin Kelly, of LaSalle, for appellants.

Craig M. Armstrong, of Wolslegel & Armstrong, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an interlocutory appeal pursuant to the provisions of Supreme Court Rule 308. (Ill. Rev. Stat. 1975, ch. 110A, par. 308.) All the prerequisites of Rule 308 have been met and no questions are raised concerning the propriety of using the interlocutory appeal procedure. Given the nature of the issues presented for review, a detailed account of the pleadings is required.

Defendant, City of DeKalb, appeals from an order of the circuit court of LaSalle County which vacated an earlier order that had dismissed plaintiff's complaint as to the City of DeKalb. The plaintiff, Gene Borkoski, was injured in an automobile collision on November 11, 1970, which involved automobiles driven by plaintiff, Irene Tumilty, and Kenneth Despain. On October 24, 1972, plaintiff filed his original complaint against Tumilty and Despain for the injuries he received in that collision. As a result of the injuries received in the automobile accident, plaintiff underwent surgery at DeKalb Public Hospital on February 8, 1972, to fuse certain vertebra together.

On January 31, 1974, plaintiff filed his first amended complaint naming the DeKalb Public Hospital as a party defendant, alleging negligent acts by agents or employees of the hospital on or about February 8, 1972. Summons was issued on March 8, 1974, and service of process was made at DeKalb Public Hospital on Beth Bessinger, who is a credit manager at the hospital. On April 11, 1974, the hospital, by a special and limited appearance, moved to quash the summons and averred that DeKalb Public Hospital was owned and operated by the City of DeKalb, a municipal corporation, that the city was not named as a defendant and that the statute of limitations had run as to the city. The amended complaint against the hospital was dismissed on August 27, 1974.

On August 28, 1974, a second amended complaint was filed against the Board of Trustees of DeKalb Public Hospital, d/b/a as DeKalb Public Hospital. This complaint was dismissed on motion on March 4, 1975. On March 10, 1975, plaintiff filed his supplemental amended complaint, naming the City of DeKalb, a municipal corporation, d/b/a DeKalb Public Hospital as defendant. This complaint was dismissed on motion of the city on October 14, 1975. On October 16, 1975, the plaintiff filed a motion to vacate the order which had dismissed his supplemental amended complaint. After a hearing, the trial court on October 1, 1976, vacated its earlier order of October 14, 1975, and ordered the defendant, City of DeKalb, to answer or otherwise plead to the complaint within 30 days. It is from this order that the defendant has perfected this interlocutory appeal under Rule 308.

There are several other facts which are relevant to our decision. The trial court in its order of October 1, 1976, found the following: that the City of DeKalb has done business under the name of DeKalb Public Hospital, that the city held itself out to the public as doing business under the name DeKalb Public Hospital, that the city filed suits to collect receivables under the name DeKalb Public Hospital, and that the city has obtained comprehensive general liability insurance, which includes malpractice insurance, under the name DeKalb Public Hospital. Hospital records refer only to the DeKalb Public Hospital and reveal no connection between the hospital and the city. Wages of employees of the hospital are paid by the administrator of the hospital and not by the city. The official records regarding formation of the hospital were lost from the clerk's office sometime prior to 1918. We find no indication in the record before us of any recorded documents which reveal to the public the actual status of the hospital.

■■ The essence of the city's contention on appeal is that the plaintiff sued a non-entity when he filed his amended complaint naming the hospital as a defendant. It is asserted that when the City of DeKalb, d/b/a DeKalb Public Hospital, was finally designated as a defendant, the statute of limitations had run and the suit therefore barred. It is interesting to note that in computing time for the purposes of the statute of limitations, both parties have referred to the date of the operation as commencing the running of the statutory period, even though the record is replete with indications that the injury was not discovered until a later date. It is the date of discovery of the injury which commences the running of the statute of limitations in malpractice cases. (*Lipsey v. Michael Reese Hospital*, 46 Ill. 2d 32, 262 N.E.2d 480.) But in light of our decision, it is unnecessary to examine the matter further.

In its order of October 1, 1976, the trial court ruled that the failure to originally name the city as a defendant was a misnomer and that under

section 21(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 21(3)), the complaint should not have been dismissed. We believe the trial court's ruling was correct.

■■ The true test in cases such as this is whether the party sued is the real party in interest. (*Hoagland v. Brown*, 71 Ill. App. 2d 240, 217 N.E.2d 97.) In *Janove v. Bacon*, 6 Ill. 2d 245, 128 N.E.2d 706, Stockyards Trust & Savings Bank had been designated as the party defendant, when the Livestock National Bank was the correct name for the defendant. The defendant's name had been changed from the Stockyards Trust & Savings Bank to Stockyards Bank & Trust Co. and finally to Livestock National Bank. Noting that the correct named defendant had been served and had notice of the suit, the court held that the fact that the summons was directed to the Stockyards Trust & Savings Bank amounted to a misnomer.

■■ In *Calvert Distillers Co. v. Vesolowski*, 14 Ill. App. 3d 634, 303 N.E.2d 170, an action was brought in the name of Calvert Distillers Co. against the defendant. Defendant contended that because Calvert was only a diversion of a Delaware Corporation, it was not a legal entity, thereby making the lawsuit a nullity. The court held that it was clearly an instance of misnomer. (See *Ingram v. MFA Insurance Co.*, 18 Ill. App. 3d 560, 309 N.E.2d 690.) We believe that under the circumstances presented in the record and which were relied upon by the trial court, section 21(3) is applicable and the failure to originally designate the City of DeKalb, d/b/a DeKalb Public Hospital, as a defendant, instead of DeKalb Public Hospital, amounts to a mere misnomer which cannot be the basis for dismissal. Ill. Rev. Stat. 1975, ch. 110, par. 21(3).

■■■ In its original motion to dismiss the supplemental amended complaint, the city relied in part on the Local Government and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 1—101 *et seq.*) as a grounds for dismissal. We note the claims with respect to the notice provisions of section 8—102 were waived by the city, when it purchased insurance to cover claims such as defendant's and are therefore not in issue. Counsel for both parties have assumed on appeal that the applicable limitation period is two years. Having failed to argue to this court the applicability of any other limitation period, the amended complaint was timely filed.

For the foregoing reasons the judgment of the circuit court of LaSalle County is affirmed and the cause is remanded for further proceedings consistent with the views expressed herein.

Affirmed and remanded.

STENGEL, P. J., and ALLOY, J., concur.