GALE LEONARD *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF STREATOR *et al.*, Defendants-Appellees.

Third District   No. 82—472

Opinion filed March 16, 1983.

Bernard Engels, William T. Surin and Craig M. Armstrong, all of Law Offices of Craig M. Armstrong, of Ottawa, for appellants.

Robert M. Hansen and R.J. Lannon, Jr., both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellees.

JUSTICE ALLOY delivered the opinion of the court:

Gale Leonard, Lisa Leonard, individually, and on behalf of Monya E. Leonard, a minor, appeal from the dismissal of their dramshop action against the defendant Double D Tap, Inc. The circuit court dismissed the action against Double D Tap, Inc., finding that the plaintiffs had not complied with Civil Practice Act section 46(4)(d) (Ill. Rev. Stat. 1981, ch. 110, par. 46(4)(d), now Ill. Rev. Stat. 1981, ch. 110, par. 2—616(d)(4)). The plaintiffs assert that the court erred in dismissing the action, and argue that the misnomer section of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 21, now Ill. Rev. Stat. 1981, ch. 110, par. 2—401) controls, and prevents a dismissal.

The record reveals that a dramshop action was filed against Delbert Anderson, d/b/a Double D Tavern on December 14, 1979. The basis of the action was an incident which occurred on December 16,

1978, after plaintiffs' husband and father had allegedly been served alcohol at the Double D Tavern, 419 E. Main Street, Streator, Illinois. Service of process in the action was obtained upon Delbert Anderson on December 20, 1979, at the Double D Tavern. It is noted that service upon Anderson was obtained after the one-year dramshop statute of limitations had run, a fact that is relevant at a later time. Subsequent to service, Anderson filed a motion to dismiss, stating that he was not the owner and operator of the tavern, but that it was operated by the Double D Tap, Inc., a corporation. A summary judgment motion was also filed by Anderson, setting forth the corporate owner of the tavern, and stating that he was merely an employee. An affidavit attached to the motion indicated that Anderson was the president of the corporation at the time of the alleged incident, being December 16, 1978. The summary judgment motion was granted as to defendant Delbert Anderson, and the plaintiffs were given leave to file an amended complaint.

Plaintiffs responded with the filing of a motion to amend correcting misnomer, pursuant to section 21 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 21, now Ill. Rev. Stat. 1981, ch. 110, par. 2—401). By said motion, plaintiffs sought to change the designation of defendant from Delbert Anderson d/b/a Double D Tavern, to Delbert Anderson d/b/a The Double D Tap, Inc., a corporation, and in support stated that the original designation was a misnomer. The motion set forth that Delbert Anderson was the person in charge of the tavern and in control of its operations. Double D Tap, Inc., responded with a motion to dismiss, setting forth section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 46(4), now Ill. Rev. Stat. 1981, ch. 110, par. 2—616(d)), which provides in pertinent part that a cause of action against persons not originally named as defendants is not barred by the applicable statute of limitations, where within the time that the action might have brought or the right asserted against him, the person knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him. The motion set forth that Delbert Anderson was the president of the Double D Tap, Inc., and that he had been served, only in his individual capacity, on December 20, 1979, after the statute of limitations had run. The court, on September 18, 1980, by Judge Perona, entered an order denying the defense motion to dismiss, and granting the motion to amend correcting misnomer. It permitted amendment of the applicable counts of the complaint by changing of the designation to Delbert Anderson d/b/a The Double D Tap, Inc., a corporation.

The next pertinent action was on April 12, 1982, when plaintiffs

filed an amendment to their complaint, substituting for the previously named defendant "Delbert Anderson, individually, and doing business as Double D Tap, Inc., a corporation." Defendant Double D Tap, Inc., filed their motion to dismiss the amended complaint, arguing that the addition of it was barred by section 46(4), because the corporation had not had knowledge of the pendency of the action within the limitations period. On April 12, 1982, the court, by the person of Judge Denny, entered its order, finding (1) that the naming of Delbert Anderson d/b/a Double D Tavern constituted a misnomer, and that all provisions of section 46(4) had been complied with, except subsection (d), requiring knowledge of the amended-in defendant within the limitations period. Because the corporation had not had knowledge within the statute of limitations, the court dismissed the action against it. Plaintiffs filed a motion to vacate that order of dismissal, which was denied. An appeal from the denial of the motion to vacate was thereafter filed, seeking reinstatement of the amended complaint against The Double D Tap, Inc., a corporation.

 ■ On appeal, plaintiffs argue that the case involves a misnomer, and that, therefore, the complaint against Double D Tap, Inc., should not have been dismissed. Defendant corporation argues that this is not a case of misnomer, but one of mistaken identity, and that since plaintiffs attempted to add a party not originally named, that is the corporation, without complying with section 46(4)(d), the case against the corporation was properly dismissed.

Section 21, in pertinent part, states:

> "(2) Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." Ill. Rev. Stat. 1981, ch. 110, par. 21.

Section 46(4), in pertinent part, states:

> "(4) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: ***; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him ***." (Ill. Rev. Stat. 1981, ch. 110, par. 46(4).)

The interplay between these rules, and their varying spheres of application was discussed by the court in *Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 294-95, 427 N.E.2d 1319:

"Misnomer of a party is not a ground for dismissal of an action, and the name of a party may be corrected upon motion and proper proof. [Citations.] The misnomer rule is narrow, however, and applies only where an action is brought and summons served upon a party intended to be made a defendant (thus giving actual notice of the lawsuit against the real party-in-interest), but the process and complaint do not refer to the person by his correct name. [Citations.] The courts of this State have long distinguished the misnomer rule, which is applicable only to correctly joined and served but misnamed parties, from those cases where due to mistaken identity the wrong person is joined and served. [Citations.] The determination of whether a case involves misnomer or mistaken identity depends on the intent of the parties, but the subjective intention of plaintiff as to who he intended to sue has not been held controlling in the face of objective manifestations indicating an intent to sue another. [Citation.]"

As this court stated in *Borkoski v. Tumilty* (1977), 52 Ill. App. 3d 839, 842, 368 N.E.2d 136: "The true test in cases such as this is whether the party sued is the real party in interest."

■■ ■ In the instant case, despite the circuit court's findings of misnomer, it is evident that this is not a case of misnomer. From the record, and the original designation in the complaint, it must be concluded that the intent of the plaintiffs in their original complaint was to bring an action against the individual Delbert Anderson, who was doing business as the Double D Tavern. They believed that Anderson, as an individual, owned and operated the tavern. Naming him, as an individual, in the complaint and the summons is a clear objective manifestation that he was the party the plaintiffs intended to sue in this action. Summons was served upon him, as an individual, and not as an agent or representative of any corporation. However, the real party in interest was not Anderson, but rather it was the Double D Tap, Inc., a corporation, who owned and operated the business. No service was obtained against the corporation by serving Anderson personally, as an individual. (*Fitzpatrick v. Pitcairn* (1939), 371 Ill. 203, 208-09, 20 N.E.2d 280.) The plaintiffs were mistaken in their belief as to who owned and operated the tavern, and the real party in interest was not sued. It is a case of mistaken identity, not misnomer. The plaintiffs' intent was to file suit against the individual Delbert Anderson, which it did, believing incorrectly that he was the owner and operator of the Double D. However, plaintiffs were mistaken in that belief, for the real party in interest was the corporation, the Dou-

ble D Tap, Inc. Plaintiffs did not merely misname the right party, but rather they named the wrong party. Furthermore, there is no dispute that the real party in interest, the corporation, had no knowledge of the suit until after the running of the statute of limitations. Accordingly, as the court noted in *Ashley*, section 46(4) requires dismissal where the requirements have not been met. (*Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 296; *Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 308 N.E.2d 143; *Fitzpatrick v. Pitcairn* (1939), 371 Ill. 203.) Plaintiffs' cases are not on point, for either the real party in interest had been sued originally (*Borkoski v. Tumilty* (1977), 52 Ill. App. 3d 839, 368 N.E.2d 136 and *Kern v. Uregas Service of West Frankfort, Inc.* (1980), 90 Ill. App. 3d 182, 412 N.E.2d 1037), or the defendant was held to be estopped from denying a misnomer (*Marsden v. Neisius* (1955), 5 Ill. App. 2d 396, 126 N.E.2d 44). This is a case of mistaken identity, not misnomer, and section 46(4) had not been complied with fully. Accordingly, the circuit court correctly dismissed the action against the amended-in defendant, Double D Tap, Inc.

For the reasons stated, the decision of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.