PAMELA HATCHER, Plaintiff-Appellant, *v.* DANELLE KENTNER, Defendant-Appellee.

Third District   No. 3—83—0110

Opinion filed December 14, 1983.—Rehearing denied January 26, 1984.

Lester Berry Smith, Ltd., of Peoria, for appellant.

Rex K. Linder and Gary S. Schwab, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Pamela Hatcher, appeals the granting of defendant Danelle Kentner's motion for summary judgment by the circuit court of Tazewell County.

On January 10, 1980, plaintiff was involved in an automobile accident in Pekin, Illinois, in which her vehicle was struck by another vehicle allegedly being driven by one Danelle Kentner. Earline Kentner was the actual operator of the vehicle which collided with plaintiff's vehicle. Daniel Kentner, Earline's husband, was the owner of the vehicle. An investigating police officer prepared a police report on the day of the accident which correctly identified the operators of the respective vehicles.

On January 8, 1982, two days before the statutory limitations period expired, plaintiff filed her complaint for damages for personal injuries. The complaint erroneously named Danelle Kentner instead of Earline as the defendant and alleged that she was the operator of the vehicle which struck plaintiff's automobile. Summons was issued to the sheriff of Tazewell County with a request that it be served together with a copy of the complaint upon Danelle Kentner at 537-C Monson, East Peoria, Illinois. The sheriff received the summons from the office of the circuit clerk on the day after the two-year statute of limitations had expired. The sheriff attempted to locate Danelle Kentner at the address given but was unable to do so. The summons was returned with the notation that the defendant, Danelle Kentner, was "not found" in the county. The address given was the address of Daniel and Earline Kentner. There are no facts of record indicating that service of process was obtained upon anyone in this action.

On February 9, 1982, an answer was filed to plaintiff's complaint which also bore the name of Danelle Kentner as defendant. The defendant's answer admitted the allegations contained in plaintiff's complaint with regard to the identity of the owner and operator of the vehicle on the date and place of the accident as being Danelle Kentner. Defendant also filed a request to produce and interrogato-

ries bearing the female name of Danelle Kentner.

When the error was discovered, plaintiff filed a motion for leave to amend her complaint to change the defendant's name from Danelle to Earline Kentner on March 25, 1982. On July 26, 1982, the court denied plaintiff's motion. Defendant was permitted to amend her answer by interlineation so as to deny that portion of plaintiff's complaint which alleged that Danelle Kentner was the owner and operator of the vehicle in question.

On January 7, 1983, the court granted defendant's motion for summary judgment from which this appeal is taken.

Plaintiff contends that it was error to deny her motion to amend since the error was allegedly only a misnomer. Additionally, plaintiff contends defendant should be estopped from denying it was a misnomer since she participated in the error herself. Plaintiff further contends that even if the error was not a misnomer, it was a case of mistaken identity and she should have been allowed to amend her complaint accordingly.

Our initial inquiry concerns the issue of whether plaintiff sued the wrong party or sued the proper party under the wrong name. We disagree with the defendant that the original designation in the complaint clearly indicates that plaintiff brought the action against Daniel Kentner, who owned the vehicle, as opposed to Earline Kentner, who operated it at the time of the collision. Defendant's allegation is maligned by the fact that plaintiff's complaint repeatedly refers to the defendant in the female gender. An additional factor in plaintiff's favor is that she had the correct address for Earline Kentner despite the wrong first name. A third factor in plaintiff's favor is that the defendant participated, either intentionally or negligently, in the error by filing a responsive pleading which failed to take issue with the alleged identity of the defendant.

The determination of whether the plaintiff sued the wrong party or whether she merely sued the proper party under the wrong name (misnomer) is crucial because the result will differ depending upon which statute is applied.

If for instance the mistake was only a misnomer, then section 2—401(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—401(b)) provides:

> "(b) Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires."

If, on the other hand, the determination is made that the plaintiff

sued the wrong party, as the circuit court held and which defendant urges us to affirm, the following statute applies:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant."

From the record it appears that no service of summons was in fact accomplished on anyone involved in the lawsuit. And, contrary to plaintiff's allegation, there is no evidence in the record that Daniel Kentner or Earline Kentner was the agent or partner of one another at the time of the accident. A mere spousal relationship between individuals does not appear to create the type of partnership or agency relationship to which the statute refers. See *Cooney v. McGillivry* (1978), 65 Ill. App. 3d 735, 382 N.E.2d 711, where we held that a parental relationship failed to meet the requirements of section 2—616(d)(3).

We disagree with defendant, however, that the rest of the requirements of 2—616(d) were not met, but it is immaterial since the statute requires that the cause of action is barred unless *all* of the requirements are met and clearly (d)(3) was not.

The cases cited by plaintiff in support of her allegation that naming Danelle Kentner as a defendant was merely an example of a misnomer as opposed to naming the wrong party clearly support, in our opinion, the plaintiff's position that plaintiff in fact named the proper party under the wrong name. (*Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 434 N.E.2d 355; *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 147 N.E.2d 329; *Schultz v. Gerstein* (1977), 50 Ill. App. 3d 586, 365 N.E.2d 1128; *Van Burkom v. Holquist* (1962), 36 Ill. App. 2d 254, 183 N.E.2d 890 (abstract); *Borkoski v. Tumilty* (1977), 52 Ill. App. 3d 839, 308 N.E.2d 136.) Plaintiff argues that since she used pronouns which clearly did not refer to Daniel Kentner, ("she" and "her," etc.), plaintiff's intent was evident that she was referring to a female Kentner and not a male Kentner.

In our opinion the circuit court erred in denying plaintiff the opportunity to correct the name of Danelle Kentner to that of Earline Kentner. We believe plaintiff's intent was clear from her pleadings despite defendant's contention that the two first names don't "sound" alike. To hold otherwise would, in our opinion, clearly exalt form over substance and allow defendant to deprive plaintiff of her day in court and frustrate on a minor technicality the resolution of the litigation on the merits.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed and the cause remanded with directions that plaintiff be given leave to correct the first name of the defendant in her pleadings.

Reversed and remanded.

STOUDER, P.J., and HEIPLE, J., concur.