EUGENE THIELKE, Plaintiff-Appellant, v. OSMAN CONSTRUCTION CORPORATION, Defendant-Appellee (Oosterbaan Scaffolding Company *et al.*, Defendants).

First District (3rd Division)   No. 84—541

Opinion filed January 9, 1985.

Philip E. Howard, Ltd., of Chicago (Philip E. Howard, Paul I. Nemoy, and Michael W. Rathsack, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (C. Roy Peterson, Hugh C. Griffin, and Sharon F. Patterson, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Eugene Thielke, appeals from an order of the trial court dismissing his amended complaint for damages for personal injuries against defendant, Osman Construction Corp. Plaintiff timely filed suit against defendant, but misspelled its name. Defendant's registered agent was served with summons after the expiration of the statute of limitations. Thereafter, plaintiff filed an amended complaint which correctly spelled defendant's name. Pursuant to section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)), the trial court dismissed plaintiff's amended complaint because defendant was not served within the limitations period. Plaintiff asserts that section 2—401(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—401(b)) allows the correction of a misnomer in a timely complaint, where process was served after the expiration of the statute of limitations, and that the dismissal was unwarranted.

Plaintiff was injured on May 9, 1980, while working at a construction site and filed suit against three defendants on April 30, 1982. Plaintiff erroneously named Osmond & Associates, Inc. (Osmond), as one of the defendants, instead of Osman & Associates, Inc. (Osman). The complaint alleged that Osmond owned certain real estate, acted as general contractor at the construction site, and violated the Structural Work Act. The summons accompanying plaintiff's complaint directed service on Osmond at a Chicago address. The return of service, dated May 3, 1982, stated that Osmond was "not found." The return also noted that Osmond had moved its company to Arlington Heights in 1980 and could be found in that suburban telephone directory. The Chicago address was in fact the former address of defendant Osman.

On September 22, 1982, an alias summons and complaint directed to Osmond was served on Stanley Osman, registered agent for defendant Osman, in Arlington Heights. The return of service stated that the summons was served on "Stanley Osman" as registered agent for "Osmon & Associates Construction Corporation." On November 30, 1982, Osmond entered a special appearance and therefore moved to quash the service of the alias summons. This motion was in

fact filed by defendant Osman, although under the name Osmond. Osmond claimed that the court lacked jurisdiction over it because of improper service. This motion was accompanied by the affidavit of Stanley Osman, which stated that he had received the summons but that he was never an employee or registered agent of Osmond. On January 19, 1983, the trial court quashed the service of summons in an uncontested proceeding.

On January 24, 1983, plaintiff filed an amended complaint changing defendant's name from Osmond & Associates, Inc., to Osman & Associates, Inc./Osman Construction Corp. The company known as Osman & Associates, Inc., had changed its name to Osman Construction Corp. in 1980. A summons was issued for service on Osman Construction Corp. on January 24, 1983. That summons was quashed by agreement in April because it was served on a person who was no longer an employee of Osman.

On March 15, 1983, an alias summons was issued for service on Osman Construction Corp./Osman & Associates, Inc. On March 25, that summons was served on Stanley Osman, defendant's registered agent and the same individual who was served six months earlier. In October 1983, the trial court granted defendant's motion to dismiss plaintiff's amended complaint pursuant to section 2—616(d) of the Code of Civil Procedure. The trial court held that the complaint was time-barred and that plaintiff could not correct the misnomer where defendant had not been served within the limitations period. The court also denied plaintiff's motion for rehearing.

Plaintiff contends that the trial court erred in applying section 2—616(d) to a misnomer situation. He maintains that section 2—401(b) of the Code of Civil Procedure applies and allows the correction of a misnomer in a complaint where process was served after the expiration of the statute of limitations.

■ Section 2—401(b) applies in those cases where the proper party or real party in interest is sued under the wrong name. (*Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 458 N.E.2d 131; *Borkoski v. Tumilty* (1977), 52 Ill. App. 3d 839, 368 N.E.2d 136.) Section 2—401(b) provides:

> "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (Ill. Rev. Stat. 1983, ch. 110, par. 2—401(b).)

There is no provision in section 2—401(b) that the misnamed defendant be served within the limitations period. (See *Dunavan v. Heritage House Nursing Home* (1984), 121 Ill. App. 3d 813, 460 N.E.2d 75;

*Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 458 N.E.2d 131.) Therefore, if section 2—401(b) applies, then service upon the misnamed defendant after the statute of limitations has expired would not bar the suit, provided that plaintiff used reasonable diligence in obtaining service on defendant. (*Kern v. Uregas Service of West Frankfort, Inc.* (1980), 90 Ill. App. 3d 182, 412 N.E.2d 1037.) However, in cases of mistaken identity where the wrong party is sued, in contrast to misnomer situations, section 2—616(d) applies and service is required before the running of the statute of limitations. See *Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 434 N.E.2d 355.

■ Consequently, we must decide whether the error was a misnomer or whether plaintiff mistakenly sued the wrong party. In making such a decision, the pivotal inquiry is whom did plaintiff intend to sue. (*Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 434 N.E.2d 355.) The complaint here demonstrates that plaintiff intended to sue the general contractor and owner of the real estate where plaintiff was injured, Osman Construction Corp. Plaintiff initially directed service to Osman's former Chicago address. Moreover, plaintiff actually served Osman's registered agent, Stanley Osman, although the summons spelled defendant's name as Osmond. It seems clear that plaintiff did not have a mistaken belief as to the identity of defendant. This conclusion is enforced by the fact that there is no corporation in existence named Osmond. Plaintiff clearly intended to sue the real party in interest, Osman Construction Corp. Plaintiff merely misspelled the name Osman as Osmond, for which we believe the misnomer statute, section 2—401(b), provides relief. We hold that it was error to apply section 2—616(d) to the present situation.

The amended complaint should not have been dismissed, if service was proper on the misnamed defendant. A party may be served with process after the statute of limitations has expired if reasonable diligence is used in obtaining service on that party. (87 Ill. 2d R. 103(b).) Defendant contends that, since it was not served with process until 10½ months after the statute of limitations had run, plaintiff did not exercise due diligence.

■ Defendant was served, although misnamed, through Stanley Osman, its registered agent, 4½ months after the limitations period had expired. Although this service was quashed, it was done so on the technicality that Stanley Osman was not the registered agent for "Osmond." Moreover, the motion to quash the affidavit did not mention that Stanley Osman was the owner and registered agent for Osman & Associates, Inc., even though Osman knew from the allegations of the complaint that it was the intended defendant. Further, defendant spe-

cially appeared under the name Osmond & Associates, instead of identifying itself as Osman & Associates. After the hearing on the motion to quash, plaintiff discovered the misnomer and filed an amended complaint within one week. The amended complaint corrected the spelling of Osmond to Osman and corrected the complaint to reflect the corporate name change. Service was made on Stanley Osman two months later. We conclude that the facts established that plaintiff used reasonable diligence in obtaining service on defendant, where the length of time before service was extended by the misnomer. (See *Kern v. Uregas Service of West Frankfort, Inc.* (1980), 90 Ill. App. 3d 182, 412 N.E.2d 1037.) We hold that service on defendant was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

WHITE, P.J., and McGILLICUDDY, J., concur.