JOYCE J. ELLIS, Plaintiff-Appellee, v. ALAN BORISEK, Defendant-Appellant (Jeremy S. Hrovat *et al.*, Defendants).

Third District   No. 3—91—0075

Opinion filed October 10, 1991.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle (R.J. Lannon, Jr., of counsel), for appellant.

Anesi, Ozman & Rodin, Ltd., of Chicago (Marc A. Taxman, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Alan Borisek, was found liable in dramshop at a jury trial. He now appeals the trial court's denial of his motion for summary judgment. He claims that he was improperly joined after the limitations period had run and that there is no relation back because

the provisions of section 2—616(d) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d)) have not been met. The plaintiff, Joyce J. Ellis, argues that this is merely a case of misnomer, not misidentification, and thus is controlled by section 2—401(b) of the Code. (Ill. Rev. Stat. 1989, ch. 110, par. 2—401(b).) We agree and affirm.

Section 2—401(b) of the Code provides as follows:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." Ill. Rev. Stat. 1989, ch. 110, par. 2—401(b).

Section 2—616(d) provides:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d).

This action arises from an automobile accident on July 4, 1987. The plaintiff, Joyce J. Ellis, was injured as a result of a collision with Jeremy S. Hrovat. A complaint was filed on June 27, 1988, naming as one of the defendants Friday's of Peru, Ltd. (Friday's), as the owner and operator of the tavern at which Hrovat had been drinking. On August 31, 1988, service was had on Alan Borisek as an agent of Friday's. Friday's filed an answer on October 7, 1988, denying the essential allegations, but not denying ownership or control of the tavern. Six months later, Friday's moved for summary judgment on the grounds that it was not a proper defendant because, at the time of the incident, the tavern was operated as a sole proprietorship by Borisek.

While that motion was pending, Ellis filed an amended complaint naming Alan Borisek, d/b/a Friday's of Peru, Ltd., as an additional party defendant. In addition, Ellis filed a memorandum in opposition to Friday's motion for summary judgment, arguing that this was merely a case of misnomer which could be corrected pursuant to section 2—401(b) of the Code.

Borisek subsequently filed his own motion for summary judgment, arguing that he was not joined within the limitations period, citing section 2—616(d) of the Code.

At the hearing on the motions, it was established that Friday's had been involuntarily dissolved as a corporation in 1981 and was no longer a legal entity. The facts also showed that the tavern's liquor license had been issued in the name of Alan Borisek, d/b/a Friday's of Peru, Ltd. The trial court denied both motions for summary judgment.

A jury trial was held with a verdict being returned against Borisek. In a post-trial motion, Borisek contended that the court erred in not granting his motion for summary judgment, again citing section 2—616(d). The trial court denied that motion and this appeal followed.

Borisek's position is that this case involves a misidentification and that there is no relation back to the original complaint because the requirements of section 2—616(d) of the Code have not been satisfied.

The controlling issue is whether the plaintiff's naming "Friday's of Peru, Ltd.," as a defendant was a misidentification or a misnomer. If it was a misnomer, it can readily be corrected, while if it was a misidentification, the requirements of section 2—616(d) must be met in order for the amendment to relate back.

The rule that a misnomer is not a ground for dismissal applies where an action is brought and summons is served upon a party intended to be made a defendant. In a misnomer case, actual notice of

the lawsuit is given to the real party in interest, but the complaint does not refer to the person by his correct name. *Barbour v. Fred Berglund & Sons, Inc.* (1990), 208 Ill. App. 3d 644, 567 N.E.2d 509.

■ The misnomer statute applies to correctly joined and served, but misnamed, parties. Mistaken identity, on the other hand, occurs when the wrong person was joined and served. The test in deciding whether the misnomer statute applies is whether the party sued is the real party in interest. (*Borkoski v. Tumilty* (1977), 52 Ill. App. 3d 839, 368 N.E.2d 136.) If section 2—401(b) applies, service of summons after the expiration of the statute of limitations does not bar the suit, provided the plaintiff used reasonable diligence in obtaining service upon the proper defendant. In cases of mistaken identity, however, service upon the proper defendant is required before the expiration of the time provided in the statute of limitations. *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574.

Defendant relies on *Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489. There, the dramshop plaintiff sued an individual under the belief that the individual was the owner of the tavern. The real owner was a corporation of which that individual was president. The court held that such a mistake was not a misnomer, and since section 2—616(d) had not been satisfied, the corporation must be dismissed.

The distinction between *Leonard* and the case at bar lies in the fact that *Leonard* involved two separate entities: an individual and a corporation. The plaintiff there did not misname the right party, but instead named the wrong party. Here, there is only one entity: an individual. Friday's has no legal existence. This is not a case where the plaintiff did not know the identity of the proper defendant. Instead, this is a case where the plaintiff knew the identity but did not know the proper name.

This difference is discussed in *Greil v. Travelodge International, Inc.* (1989), 186 Ill. App. 3d 1061, 541 N.E.2d 1288. The pertinent facts in *Greil* are closely analogous to the case at bar. The plaintiff filed suit against "Travelodge in the Heart of Chicago," serving an agent of the motel at the motel office. Travelodge in the Heart of Chicago moved to dismiss, claiming that it was not a legal entity and thus could not be sued. The proper defendant was La Salle Ohio Enterprises, the entity which had been granted the license to use the "Travelodge" trademark. The plaintiff then amended his complaint to add La Salle as an additional defendant. La Salle moved to dismiss on the grounds that the statute of limitations had run and that the Code requirements for relation back (section 2—616(d)) had not been satis-

fied. The appellate court found that it was a case of misnomer and thus the question of relation back need not be reached. The "[p]laintiff served the proper physical party because the agent served for 'Travelodge in the Heart of Chicago' is also an agent of La Salle. The only defect is that the correct name is La Salle. *Same entity, wrong name.*" (Emphasis added.) *Greil*, 186 Ill. App. 3d at 1066, 541 N.E.2d at 1291.

An important factor is that the party originally named, Friday's of Peru, Ltd., does not actually exist. Defendant argues that *Barbour v. Fred Berglund & Sons, Inc.* (1990), 208 Ill. App. 3d 644, 567 N.E.2d 509, vitiates that reasoning. In *Barbour* the plaintiff was injured while employed on a construction site. He filed a complaint naming as sole defendant "Bergman Construction," alleging that it was the general contractor at the site. At the plaintiff's request, the sheriff served "Bergman Construction" at an address in River Grove, Illinois. Later, plaintiff moved to quash summons and file an amended complaint against Fred Berglund & Sons, Inc. This motion was allowed and service was had at an address in Chicago. Berglund moved to dismiss on the grounds that the statute of limitations had run prior to the filing of the amended complaint. The plaintiff argued that there was no such entity as "Bergman Construction" and that he could not have intended to sue a nonexistent entity. The appellate court was uncertain whether or not "Bergman Construction" actually existed. But even assuming that it did not, the court found that the case was one of misidentification, and therefore Berglund was properly dismissed.

The instant case is much different. In *Barbour,* the party initially named and served had an entirely different name and was served by the sheriff at an address other than that of the correct defendant. Here, Ellis' complaint named "Friday's of Peru, Ltd." (the correct name of the tavern), and service was had on Borisek at the tavern itself.

Borisek correctly notes that a pivotal inquiry is the objective intent of whom the plaintiff intended to sue. (*Hoving v. Davies* (1987), 159 Ill. App. 3d 106, 512 N.E.2d 729; *Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489; *Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 434 N.E.2d 355.) When viewed in this manner, it becomes clear that this is a case of misnomer, not mistaken identity.

Plaintiff, Ellis, intended to sue the owner of the tavern. She named Friday's, serving Borisek as its agent at the tavern. The same law firm that represented Borisek individually represented Friday's for its answer and its motion for summary judgment, a factor noted by the *Greil* court in finding misnomer. (*Greil*, 186 Ill. App. 3d at

1065, 541 N.E.2d at 1290.) Friday's answered the complaint and made no move to correct the plaintiff's mistake for another six months. Plaintiff corrected the error as soon as she became aware of it. Borisek was obviously aware of the pendency of the action and of the fact that there was really no "Friday's of Peru, Ltd."

The plaintiff did not identify the wrong entity; she simply misnamed the right entity. The proper party was served albeit under the wrong name. Upon discovering the error, Ellis corrected it with reasonable diligence. This is the exact situation which section 2—401(b) was enacted to address.

We hold that the trial court was correct in allowing the plaintiff to amend her complaint and in denying Borisek's motion for summary judgment.

Accordingly, we affirm the judgment of the circuit court of La Salle County.

Affirmed.

BARRY and SLATER, JJ., concur.