CAROL BORG, Plaintiff-Appellant, v. CHICAGO ZOOLOGICAL SOCIETY, Defendant-Appellee.

First District (5th Division)    No. 1—92—3668

Opinion filed November 12, 1993.

Bernard R. Nevoral & Associates, Ltd., of Chicago (Bernard R. Nevoral and Michael E. Tabor, of counsel), for appellant.

Shelmerdeane A. Miller, of Chicago (Michael Parker, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Carol Borg appeals from the trial court orders granting defendant Chicago Zoological Society's motions to dismiss.

On October 19, 1987, plaintiff Carol Borg filed suit against "Chicago Zoological Park, Inc. a/k/a Brookfield Zoo" alleging that she sustained injuries on October 25, 1986, when she slipped and fell while at Brookfield Zoo. Plaintiff directed summons to Brookfield Zoo at 8400 West 31st Street in Brookfield, Illinois. On November 4, 1987, service was made on "Gloria Mezera, agent." An appearance and answer were filed on behalf of "Chicago Zoological Park, Inc., a/k/a

Brookfield Zoo." On March 18, 1991, the case was voluntarily dismissed and plaintiff was given leave to refile within a year.

Plaintiff refiled her complaint against "Chicago Zoological Park, Inc. a/k/a/ Brookfield Zoo" on March 9, 1992, and on March 17, 1992, again served Gloria Mezera at the Brookfield Zoo. Defendant filed an appearance on behalf of "Chicago Zoological Society, a not for profit Corporation." Defendant then brought a motion to dismiss the refiled complaint, alleging that "Chicago Zoological Park, Inc. a/k/a Brookfield Zoo" did not exist and therefore plaintiff's suit was a nullity. Plaintiff filed a response claiming misnomer. On June 25, 1992, the trial court granted the defendant's motion and plaintiff was given leave to file a first amended complaint. On June 29, 1992, plaintiff filed her first amended complaint naming "Chicago Zoological Society, a not for profit corporation," as defendant. Defendant then filed another motion to dismiss, contending that plaintiff's first amended complaint was time barred since it was filed outside the two-year statute of limitations. Plaintiff then filed a response citing the relation back doctrine. The trial court granted defendant's motion to dismiss plaintiff's amended complaint with prejudice. This appeal followed.

Plaintiff contends on appeal that this case involves a misnomer and, therefore, rather than dismiss plaintiff's case, the trial court should have permitted plaintiff to correct defendant's name. In the alternative, plaintiff claims that even if the court determines that this is a case of mistaken identity, rather than misnomer, the trial court should have found that the relation back theory applied.

If plaintiff's designation of defendant as "Chicago Zoological Park, Inc. a/k/a Brookfield Zoo" was a misnomer, the following provision applies:

> "(b) Misnomer of a party is not ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (735 ILCS 5/2—401(b) (West 1992).)

If, on the other hand, it is determined that plaintiff sued the wrong party, the applicable provision is as follows:

> "(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or

partner, *** even though he or she was served in the wrong capacity or as agent of another ***; (4) the person within a reasonable time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ***. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (735 ILCS 5/2—616(d) (West 1992).)

Thus, if the misnomer statute applies, plaintiff can simply correct the mistake. However, if it is a case of mistaken identity, the requirements of section 2—616(d) must be met in order for the amendment to relate back.

■ The determination of whether a case involves misnomer or mistaken identity depends on the intent of the parties, but plaintiff's subjective intent has not been held controlling in the face of objective manifestations indicating an intent to sue another. (*Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319.) The misnomer statute is applicable where plaintiff sues and serves the correct party, but calls that party by the wrong name. (*Ellis v. Borisek* (1991), 220 Ill. App. 3d 48, 580 N.E.2d 899.) Mistaken identity, on the other hand, occurs when the wrong person is named and served. (*Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574.)

■ The test in deciding whether the misnomer statute applies is whether the party sued is the real party in interest. (*Ellis v. Borisek* (1991), 220 Ill. App. 3d 48, 580 N.E.2d 899.) "The pivotal determination is whether plaintiff actually serves the real party in interest with a copy of the complaint and summons, within the time limits allowed by law, so that actual notice of the complaint that has been lodged against it and notice of the need to respond [have] been given to the party in interest, albeit incorrectly named." *Yedor v. Centre Properties, Inc.* (1988), 173 Ill. App. 3d 132, 137-38, 527 N.E.2d 414, 417.

In support of her argument that this is a case of misnomer, plaintiff has cited the following cases, which we find persuasive. In *Greil v. Travelodge International, Inc.* (1989), 186 Ill. App. 3d 1061, 541 N.E.2d 1288, the plaintiff brought suit against "Travelodge in the Heart of Chicago" and service was made on an agent of the hotel. Travelodge then filed a special limited appearance and motion to

dismiss on the basis that it was not a legal entity and therefore could not be sued. In support of its motion, defendant submitted an affidavit revealing that "La Salle Ohio Enterprises, Inc., an Illinois Corporation" was granted the license to use the Travelodge trade and service marks for that particular hotel. In finding that this was a case of misnomer, the court in its majority opinion relied on the fact that plaintiff served an agent of La Salle and the motel is listed in the Chicago telephone directory as "Travelodge in the Heart of Chicago." Furthermore, the court noted that La Salle and Travelodge share the same legal counsel. The court stated that " '[n]ames are nothing. The gist of the matter is, were the parties in interest actually served.' " (*Greil*, 186 Ill. App. 3d at 1064, quoting *Pond v. Ennis* (1873), 69 Ill. 341, 344.) Because Travelodge and La Salle were one and the same, plaintiff was allowed to correct the misnomer. *Greil*, 186 Ill. App. 3d 1061, 541 N.E.2d 1288.

Likewise, in *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 309 N.E.2d 690, although plaintiff sued "MFA Insurance Company," and the correct name of the company was "Countryside Casualty Company, a Missouri corporation," the court found the name to be a misnomer that plaintiff could correct. Because there was a telephone listing and defendant was doing business under the name "MFA Insurance Company," the court found that plaintiff's reliance on the name in designating defendant was reasonable. The court was influenced by the fact that summons was served upon the party intended to be sued and the defendant appeared on behalf of "MFA Insurance Company" throughout and filed an affidavit stating he is an attorney for defendant "MFA Insurance Company."

In *Ellis v. Borisek* (1991), 220 Ill. App. 3d 48, 580 N.E.2d 899, plaintiff's complaint was filed against "Fridays of Peru, Ltd." (Fridays) as the owner and operator of the tavern where the driver that hit plaintiff had been drinking. Service was had on Alan Borisek as an agent of Fridays. Fridays claimed that it was not a proper defendant because the tavern was operated as a sole proprietorship by Borisek at the time of the incident. The court found that plaintiff intended to sue the owner of the tavern and that plaintiff did serve Borisek. The court noted that the same law firm that represented Borisek individually represented Fridays for its answer and summary judgment motion. Fridays answered the complaint and made no move to correct the error. Borisek was obviously aware of the pendency of the action and the fact that there was really no "Fridays of Peru, Ltd." The court stated that this is not a case where the plaintiff identified the wrong entity. Instead, plaintiff simply misnamed the right entity. Plaintiff was therefore allowed to amend her complaint.

In *Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 458 N.E.2d 131, the court allowed plaintiff to correct her complaint which named Danelle Kentner instead of Earline Kentner as the operator of the vehicle that struck plaintiff. Defendant contended that the complaint indicated that Daniel Kentner, who owned the vehicle, was being sued, rather than Earline Kentner, who operated the vehicle. The court disagreed, noting that the complaint repeatedly referred to the defendant in the female gender, plaintiff had the correct address for Earline even though she had the wrong name, and defendant participated in the error by filing a responsive pleading which failed to take issue with the alleged identity of the defendant.

■ These cases lead us to conclude that plaintiff's designation of defendant as "Chicago Zoological Park, a/k/a Brookfield Zoo" was merely a misnomer that may be corrected. The record here reveals that the real party in interest, Chicago Zoological Society, had notice that it was being sued and of its need to respond to the plaintiff's complaint. The complaint clearly states that plaintiff is seeking damages against the zoo for injuries she received when she slipped and fell on the premises. The proper party is therefore the one who owns, possesses, controls and maintains the zoo premises. The affidavit of Jeffrey Williamson, the deputy director of the Chicago Zoological Society, makes it clear that the Chicago Zoological Society was responsible for the care and maintenance of Brookfield Zoo, and is therefore the real party in interest.

The registered agent for the Chicago Zoological Society was George D. Rabb, 3300 South Golf Road, Brookfield, Illinois. Plaintiff did not serve the registered agent of the zoo. Instead, summons was directed to Brookfield Zoo at 8400 West 31st Street in Brookfield, Illinois, where an agent, although not the registered agent, of the zoo was in fact served. This constitutes proper service against the Chicago Zoological Society. (See *Greil*, 186 Ill. App. 3d 1061, 541 N.E.2d 1288.) Defendant was in no way misled into thinking that another entity was meant to be served.

This is not a case where the wrong party is sued. "Chicago Zoological Park, Inc. a/k/a Brookfield Zoo" and "Chicago Zoological Society" are the same entity. Defendant is commonly referred to as the Brookfield Zoo and we take judicial notice of the fact that there is a listing in the current Chicago telephone directory under Brookfield Zoo as well as under Chicago Zoological Park. (See *Cobbs of Hamden, Inc. v. Cobbs Florida Cupboard* (1967), 27 Conn. Supp. 193, 233 A.2d 438 (court took judicial notice of current telephone directory).) There is no listing in the Chicago telephone directory under Chicago Zoological Society. We also find significant the fact that the law firm that

represented "Chicago Zoological Park, Inc. a/k/a Brookfield Zoo" also represented "Chicago Zoological Society, a not for profit corporation." Furthermore, when plaintiff's original complaint was filed, defendant filed no special limited appearance taking issue with the defendant's identity. Rather, defendant participated in the error by filing an appearance, jury demand, answer, interrogatories, request to produce and notice of deposition on behalf of "Chicago Zoological Park, Inc. a/k/a/ Brookfield Zoo." In addition, in its answer to the original suit, defendant admitted that "Chicago Zoological Park, Inc., a/k/a Brookfield Zoo" owned, possessed, operated and controlled the premises at 8400 West 31st Street, Brookfield, Illinois, where plaintiff was allegedly injured. Defendant cannot now successfully argue that plaintiff sued a nonentity.

Plaintiff clearly knew the identity of the defendant, but did not know the defendant's proper name. What is important is that the proper party was given notice that it was being sued, even though it was sued under the wrong name. We therefore conclude that plaintiff's designation of the defendant as "Chicago Zoological Park, Inc. a/k/a/ Brookfield Zoo" instead of "Chicago Zoological Society, a not for profit corporation" was merely a misnomer.

We are not persuaded by those cases relied upon by defendant since in those cases of mistaken identity, plaintiff either sued a nonentity, or the real party in interest was not named and served. (See *Barbour v. Fred Berglund & Sons, Inc.* (1990), 208 Ill. App. 3d 644, 567 N.E.2d 509 (the plaintiff sued and served a party who was not the real party in interest at a location that was not the address or a former address of the real party in interest); *Tyler v. J.C. Penney Co.* (1986), 145 Ill. App. 3d 967, 496 N.E.2d 323 (plaintiff sued and served a nonentity); *Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489 (plaintiff sued and served the wrong party and there was no dispute that the real party in interest had no knowledge of the suit until after the running of the statute of limitations); *Proctor v. Wells Brothers Co.* (1914), 262 Ill. 77, 104 N.E. 186 (plaintiff sued another company which had a name similar to that of defendant).) In the instant case, an existing entity was sued and had knowledge that it was being sued, but it was designated by the wrong name.

Accordingly, we find that plaintiff should be permitted to correct the defendant's name. To hold otherwise would exalt form over substance and thereby allow a minor technicality to deprive plaintiff of the right to have her case resolved on the merits. (See *Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 458 N.E.2d 131.) Because we have found that this is a case of misnomer, a determination whether the relation back doctrine applies is unnecessary.

938

Therefore, for the reason set forth above, we reverse the trial court's orders dismissing plaintiff's complaint and remand this matter for further proceedings.

Reversed and remanded.

GORDON, P.J., and COUSINS, J., concur.