ESTATE OF LINDA HENRY, Deceased, by Charles R. Henry, Adm'r, *et al.*, Plaintiffs-Appellants, v. KENNETH P. FOLK *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—94—4143

Opinion filed November 27, 1996.

Joseph A. Longo, of Mt. Prospect, for appellants.

Law Offices of Sherwin Greenberg, of Chicago (Janice Neems, of counsel), for appellees.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Charles R. Henry appeals from the dismissal of the dramshop action he brought on behalf of his deceased wife Linda and their minor child against defendant 705 Corporation. We reverse and remand.

On January 23, 1992, Linda Henry was killed in an automobile accident involving a drunk driver. On January 19, 1993, her husband filed suit against Elkee's Saloon. On January 26, 1993, purported service of process was had on Elkee's Saloon by leaving a copy of the summons with Peter Dahlenberg, a customer of Elkee's Saloon. On February 5, 1993, a motion was filed on behalf of "the named defendant, Elkee's Saloon," seeking dismissal of plaintiff's complaint on several grounds, including that Elkee's Saloon is a nonentity. On February 23, 1993, the trial court granted the motion to dismiss the suit on the basis that Elkee's Saloon is a nonentity and granted plaintiff leave to amend. By agreed order the summons was quashed on May 11, 1993.

On June 8, 1993, plaintiff filed an amended complaint, naming as defendant 705 Corporation, d/b/a Elkee's Saloon. On June 11, 1993, service was had on 705 Corporation by serving Vincent O'Donnell, owner of the corporation. 705 Corporation filed a general appearance as well as a motion to dismiss plaintiff's action on the basis that the action against 705 Corporation was not timely filed within the one-year dramshop limitations period. The trial court granted the motion to dismiss, stating that the misnomer statute (735 ILCS 5/2—401(b) (West 1994)) and the relation back statute (735 ILCS 5/2—616 (West 1994)) must be read together, and because plaintiff served a customer of the bar, plaintiff failed to satisfy the element of the relation back

statute that requires service of summons be had upon the party or his agent.

■ We must determine whether, in suing Elkee's Saloon, plaintiff sued the wrong party or whether he sued the right party under the wrong name. If plaintiff sued the right party under the wrong name, the following statute applies:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2—401(b) (West 1992).

If, however, plaintiff sued the wrong party, the following statute applies:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, *** even though he or she was served in the wrong capacity or as agent of another ***; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ***. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(d) (West 1992).

If a misnomer occurs, plaintiff can simply correct the mistake, but if it is a case of mistaken identity, the requirements of section 2—616 must be met in order for the amendment to relate back. *Borg v. Chicago Zoological Society*, 256 Ill. App. 3d 931, 628 N.E.2d 306 (1993).

The determination of whether a case involves a misnomer or a mistaken identity depends on the intent of the parties, but a plaintiff's subjective intent is not controlling in the face of objective manifestations indicating an intent to sue another. *Ashley v. Hill*, 101 Ill. App. 3d 292, 427 N.E.2d 1319 (1981). A misnomer exists where a plaintiff sues and serves the correct party, but calls that party by the wrong name. *Ellis v. Borisek*, 220 Ill. App. 3d 48, 580 N.E.2d 899 (1991). Mistaken identity occurs when the wrong party is named and

served. *Thielke v. Osman Construction Corp.*, 129 Ill. App. 3d 948, 473 N.E.2d 574 (1985).

We believe that plaintiff's naming of Elkee's Saloon was a misnomer. Therefore, plaintiff's suit is not barred, despite the fact that defendant was not served until after the statute of limitations had expired. This case bears many similarities to those in which a misnomer has been found to exist. In *Borg v. Chicago Zoological Society*, 256 Ill. App. 3d 931, 628 N.E.2d 306 (1993), the plaintiff named in its suit Chicago Zoological Park, a/k/a Brookfield Zoo, rather than referring to the zoo by its correct name, Chicago Zoological Society. In determining that a misnomer existed, we found significant that: (1) plaintiff had actually served an agent of the zoo; (2) the real party in interest, Chicago Zoological Society, had notice that it was being sued and of its need to respond to plaintiff's complaint; (3) the zoo was commonly referred to as Brookfield Zoo and was listed in the Chicago telephone directory under Brookfield Zoo; and (4) the same law firm that represented Chicago Zoological Park, Inc., a/k/a Brookfield Zoo, also represented Chicago Zoological Society.

In *Ellis v. Borisek*, 220 Ill. App. 3d 48, 580 N.E.2d 899 (1991), plaintiff sued Friday's of Peru, Ltd., as owner and operator of the tavern where the driver that hit plaintiff had been drinking, although the tavern was operated as a sole proprietorship by Alan Borisek. The court found this to be a misnomer since service was had on Borisek as an agent of Friday's, the complaint informed Borisek that plaintiff intended to sue the tavern in which plaintiff had been drinking, and the same law firm that represented Borisek individually represented Friday's.

In *Greil v. Travelodge International, Inc.*, 186 Ill. App. 3d 1061, 541 N.E.2d 1288 (1989), a majority of the court found that plaintiff's designation of defendant under its trade name Travelodge in the Heart of Chicago, rather than La Salle Ohio Enterprises, Inc., was a misnomer. Their decision was based on the fact that plaintiff served an agent of La Salle, the motel is listed in the Chicago telephone directory as Travelodge in the Heart of Chicago, and La Salle and Travelodge share the same legal counsel. See *Ingram v. MFA Insurance Co.*, 18 Ill. App. 3d 560, 309 N.E.2d 690 (1974) (in finding that plaintiff's reference to defendant as MFA Insurance Company, rather than the company's real name, Countryside Casualty Company, was a misnomer, the court relied on the fact that the company was listed in the telephone directory and doing business under the name MFA Insurance Company, and summons was served upon the party intended to be sued).

In the instant case, the real party in interest, 705 Corporation,

had notice that it was being sued and of its need to respond to the lawsuit. Plaintiff intended to sue the tavern in which the driver had been drinking and clearly expressed that intent in his complaint. Not knowing that the true name of the corporation that owned the tavern was 705 Corporation, plaintiff referred to the tavern as Elkee's Saloon. Plaintiff filed his complaint a few days before the statute of limitations expired and served a customer of Elkee's Saloon a few days after the statute had expired. The fact that 705 Corporation got prompt notice of this complaint is evidenced by the fact that less than two weeks after service was made, lawyers moved to dismiss the complaint on the basis that Elkee's Saloon is a nonentity, and these were the same lawyers who represented 705 Corporation. Within a reasonable time after plaintiff learned that the true owner of the tavern was 705 Corporation, plaintiff served Vincent O'Donnell, who was truly an agent of the corporation. It is apparent that 705 Corporation and Elkee's Saloon were one and the same. Not only did the same law firm represent Elkee's Saloon and 705 Corporation, but Vincent O'Donnell and his wife operated both Elkee's Saloon and 705 Corporation. Furthermore, Elkee's Saloon is listed in the Chicago telephone directory and Elkee's Saloon and 705 Corporation share the same address. These factors lead us to conclude that plaintiff's naming of Elkee's Saloon was a misnomer.

The fact that neither 705 Corporation nor even the customer of the bar was served prior to the running of the statute of limitations is not a bar to plaintiff's suit. In *Schryver v. Eriksen*, 255 Ill. App. 3d 418, 421, 627 N.E.2d 291 (1993), the court stated:

> "[I]n cases of true misnomer there is no requirement that service of summons be effectuated upon the defendant within the applicable statute of limitations. There is no provision in section 2—401(b) requiring that a misnamed defendant be served within the limitations period. *** It is only in cases of mistaken identity that service upon the proper defendant is required prior to the expiration of the statute of limitations."

See *Ellis v. Borisek*, 220 Ill. App. 3d 48, 580 N.E.2d 899 (1991); *Greil v. Travelodge International, Inc.,* 186 Ill. App. 3d 1061, 541 N.E.2d 1288 (1989) (wherein a misnomer was found although no service was made until after statute of limitations had expired).

We note that, in *Borg*, we stated that in determining whether a misnomer exists, the critical determination is whether the plaintiff actually served the real party in interest with a copy of the complaint and summons. *Borg*, 256 Ill. App. 3d at 934. However, because an agent in *Borg* was served within the statutory time, there was no occasion to address the issue of whether the misnomer statute

required service to be made within the statutory time. Therefore, our decision here is not inconsistent with *Borg*.

Accordingly, for the reasons set forth above, the trial court order dismissing plaintiff's complaint is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

COUSINS and HOURIHANE, JJ., concur.