ELMER STEVENS, Plaintiff-Appellant, *v.* WILLIAM YONKER, Defendant-Appellee.

(No. 57381; ▮▮▮▮▮▮▮▮

First District (1st Division)—May 21, 1973.

HALLETT, J., took no part.

Piacenti, Cifelli & Pigato, of Chicago Heights, (Nicholas Liontakis, of counsel,) for appellant.

Tim J. Harrington, of Chicago, (A. J. Petrucelli, of counsel,) for appellee.

PER CURIAM:

On January 5, 1968, the plaintiff filed a complaint against the defendant, "William Yonker", asking $100,000 damages for injuries sustained on June 8, 1966, when defendant's automobile "ran into" the rear of the vehicle in which the plaintiff was riding. The return of summons shows it was served by leaving a copy with "Mrs. W. Yonker (wife)", a person of defendant's family, on January 9, 1968. On January 22, 1968, defen-

dant, through his attorney, filed an appearance and answer which admitted ownership of the automobile, but denied the other material allegations of the complaint.

On February 1, 1972, the trial court granted defendant's motion for summary judgment, dismissed the plaintiff's complaint, and denied plaintiff's motion, filed under section 21(3) of the Civil Practice Act, to amend the pleadings to correct the name of "William Yonker" to read "Bruce Yonker", making the following findings of fact: Bruce Yonker is the correct name of the driver of the motor vehicle in question; plaintiff's attorney instructed his secretary to type the name of Bruce Yonker on the complaint but she inadvertently typed William Yonker instead of Bruce Yonker, and plaintiff's attorneys intended that Bruce Yonker be designated as the defendant; the statute of limitations for the joinder of additional defendants expired June 8, 1968; William Yonker is the father of Bruce Yonker; Bruce Yonker did not at any time relevant to the matters complained of act as an agent or servant for William Yonker.

■■ The single issue is whether plaintiff sued the proper party but under the wrong name or sued the wrong party. Plaintiff sued and served William, who was Bruce's father and the owner of the automobile in question. No service was attempted or made on the defendant's son, Bruce, the driver. Under the facts, there is no doubt that the plaintiff sued the wrong party. This is not changed by the fact that the owner and driver of the vehicle in this instance had the same last name, were father and son, and resided in the same household.

The cases cited by the plaintiff are distinguishable in that in those cases the proper party was sued under the wrong name. For example, in *Janove v. Bacon* (1955), 6 Ill.2d 245, 250, 128 N.E.2d 706, the corporation was served but under an incorrect name, service being upon an agent of the corporation. Similarly, in *Van Burkom v. Holquist* (1962), 36 Ill.App.2d 254, 183 N.E.2d 890 (Abst.) the proper defendant was served personally and the defendant did not deny that he was the person intended to be served; hence, the court held the case to be one of misnomer, rather than of mistaken identity. To the same effect is *Chamness v. Minton* (1963), 39 Ill.App.2d 325, 188 N.E.2d 873. More in point is *Proctor v. Wells Bros. Co. of New York* (1914), 181 Ill.App. 468 Aff'd 262 Ill. 77, 104 N.E. 186, where plaintiff sued "Wells Bros.", an Illinois corporation, and later, after the statute had run, "Wells Bros. Co. of New York". The court held that the commencement of an action against the one was not the commencement of an action against the other.

■■ William Yonker was a real party in interest and the court found he was not the master or principal of his son. This was not a misnomer

and plaintiff's motion under Section 21 of the Civil Practice Act was properly denied.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

Mr. JUSTICE HALLETT took no part in the consideration or decision of this case.