MARILYN K. THOMPSON, Plaintiff-Appellant, v. LYNETTA MARIE WARE, Defendant-Appellee.

Fourth District   No. 4—90—0676

Opinion filed March 7, 1991.

Ralph H. Loewenstein, of Deffenbaugh, Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellant.

David L. Requa, of Requa & Alexander, of Springfield, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiff Marilyn K. Thompson appeals from an order and judgment of the circuit court of Sangamon County, denying a motion to correct

misnomer and a summary judgment entered in favor of defendant Lynetta Marie Ware.

For purposes of this opinion, we assume the following facts. Plaintiff was involved in an automobile accident on January 12, 1987, in which the second vehicle involved was owned by Lynetta Marie Ware, but was driven by Lynetta's identical twin sister, Lynette Marie Owens. Ware is the maiden name of the sisters. The police accident report listed the driver of the Ware automobile as "Lunite M. Owens," and listed the address of the driver as 110 West Jefferson, Springfield, Illinois.

On January 17, 1987, counsel for plaintiff wrote a letter to "Lunite M. Owens" and mailed it to the Jefferson Street address, with a certified return receipt requested. The return receipt was signed by Lynetta M. Ware. A letter from counsel to the insurance company listed for the Ware automobile was sent the same day and resulted in a letter from the company indicating the insured was Lynetta M. Ware. This personal injury action was filed on December 28, 1988, against Lynetta Marie Ware, and she was served with summons on February 1, 1989.

During a December 8, 1989, deposition of defendant, plaintiff's counsel discovered that the defendant owned the automobile, but that defendant's identical twin sister was driving the vehicle at the time of the accident. At a subsequent deposition, Lynette Marie Owens admitted being the driver at the time of the accident, and stated that she had formerly resided at 110 West Jefferson in Springfield. Plaintiff's complaint sought damages for personal injury, and actions for personal injury shall be commenced within two years of the accrual of the cause of action. Ill. Rev. Stat. 1987, ch. 110, par. 13—202.

Upon discovery of the mistake, plaintiff moved to correct the name of the defendant from Lynetta Marie Ware to Lynette Marie Owens, citing as authority section 2—401(b) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—401(b)). This motion was denied, and summary judgment was entered in defendant's favor.

Section 2—401(b) of the Code provides:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." Ill. Rev. Stat. 1989, ch. 110, par. 2—401(b).

Defendant contends that section 2—401(b) only applies where the party is actually served and defendant is misnamed, not where a separate party who has not been served or participated in the cause of action is sought to be made a party. She further contends that her sister could only be added under the authority of section 2—616(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(a)), which provides in part:

"Amendments. (a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff \*\*\*."

We initially emphasize that section 2—401(b) of the Code can be used even after judgment, but the quoted portion of section 2—616(a) of the Code is applicable only before final judgment. The statute of limitations may apply to parties sought to be added under the Code provisions of section 2—616(a), if the period of limitations has expired. However, in matters involving cases under section 2—401(b) of the Code, the statute of limitations does not bar recovery if reasonable diligence has been used in obtaining service on the misnamed defendant. (*Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 951, 473 N.E.2d 574, 576.) Section 2—401(b) of the Code is not applicable where the wrong party has been named, for which section 2—616(a) of the Code provides prejudgment relief. (*Cigan v. St. Regis House Hotel* (1979), 72 Ill. App. 3d 884, 886, 391 N.E.2d 197, 199.) The party in interest envisioned by the misnomer provisions of section 2—401(b) of the Code refers to whether the parties were before the court, whether they had notice of the proceedings, and whether they had an opportunity to defend. *Cigan*, 72 Ill. App. 3d at 887, 391 N.E.2d at 200; see also *Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, 298 N.E.2d 395.

The plaintiff in *Osman* initially filed, listing the defendant's name as Osmond. However, service was had on Stanley Osman as registered agent for the corporation. There was no Osmond Corporation. This misspelling resulted in a court order which quashed summons. Subsequent service, after the period of limitations had run, was, on appeal, sustained on the theory that the error in spelling was a misnomer. The *Osman* decision did state that the plaintiff intended to sue the general contractor, but the stated plaintiff "merely misspelled the name." *Osman*, 129 Ill. App. 3d at 951, 473 N.E.2d at 577.

In the present case, it is obvious the plaintiff intended to sue the person driving the vehicle at the time of the accident. However, the service was on one other than the driver, and no misnomer took place as to the person served. Regardless of the apparent unfairness, we do not equate the present facts with those in *Osman* or other cases cited in plaintiff's behalf. We know of no notice to Lynette Marie Owens, or of suit being filed listing her as defendant, prior to the expiration of the two-year limitations.

The identical-twin relationship and the defendant's auto ownership does not justify straying from the requirements of section 2—616(d) of the Code, which provides in part:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: *** (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee ***." Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d).

■■ We return to our earlier comment that misnomer can be corrected after judgment, but amendments adding parties must precede judgment. If we were to find misnomer under the present facts, theoretically, if judgment had been entered prior to the motion, it could be subsequently enforced against Lynette Marie Owens, even though she was never given notice or had the right to defend. Regardless of the peculiar fact situation with which we are now concerned, we conclude that this case did not involve misnomer as envisioned in section 2—401(b) of the Code. The circuit court order and judgment will be affirmed.

Affirmed.

GREEN and KNECHT, JJ., concur.