CARMECE PERRY, Plaintiff-Appellant, v. PUBLIC BUILDING COMMISSION OF CHICAGO, Defendant-Appellee (The City of Chicago *et al.*, Defendants).

First District (5th Division) No. 1—90—3371

Opinion filed July 17, 1992.—Rehearing denied August 26, 1992.

Tyrrell, Etchingham & Associates, of Chicago (Thomas J. Tyrrell and Jeffrey D. Javors, of counsel), for appellant.

Barry M. Lewis & Associates, of Chicago (Kurt Olsen, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

In this slip-and-fall case, plaintiff's original complaint (filed on the last day of the applicable statute of limitations) incorrectly designated the defendant Public Building Commission of Chicago as the "Cook County Public Building Commission." The trial court found that the incorrect designation was a misidentification of a party and not a misnomer under section 2—401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—401(b)). Therefore, the trial court dismissed the Public Building Commission of Chicago pursuant to the expiration of the statute of limitations. The trial court also entered an order pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), and plaintiff appealed. We considered whether the trial court erred in holding that the incorrectly designated defendant was a misidentification of a party and not a misnomer.

We affirm.

On January 26, 1988, Carmece Perry (plaintiff) slipped and fell while walking in the concourse of the Richard J. Daley Center in Chicago. On January 26, 1989, the last day of the applicable statute of limitations for claims against municipal corporations, plaintiff filed suit to recover for her injuries. The complaint named three defendants: "City of Chicago," "County of Cook," and "Cook County Public Building Commission." The language in the complaint referred to the defendants as those entities which "owned, operated, maintained, controlled" or otherwise asserted an interest in the Daley Center. Plaintiff issued summons on these defendants addressed as follows:

City of Chicago
Walter S. Kozubowski
City Clerk
107 City Hall
Chicago, IL 60602

County of Cook
Stanley T. Kusper
County Clerk
118 N. Clark St.
Rm. 434
Chicago, IL 60602

County of Cook
Building Commission
Stanley T. Kusper
County Clerk
118 N. Clark St.
Rm. 434
Chicago, IL 60602

All three summons were returned as served on a registered agent or authorized person.

Also on January 26, 1989, plaintiff completed a City of Chicago form called "Notice of Claim For Personal Injuries." This form stated: "Please take notice that an action for damages on account of personal injuries will be brought against the CITY OF CHICAGO." Plaintiff added a brief statement of the facts of her claim. Plaintiff filed the form with the city clerk, the corporation counsel of Chicago, the Cook County clerk, the Cook County Board of Commissions, and the "Public Building Commission"; the stamp of each office, including the stamp of the "Public Building Commission," appears on the face of the completed form indicating the date of January 26, 1989.

Defendants Cook County and the City of Chicago both filed an appearance with the circuit court. Plaintiff filed a motion for a default judgment against the Cook County Public Building Commission. This motion was withdrawn prior to its being presented.

Cook County filed a motion for summary judgment and attached to it the affidavit of Stephen S. Crane stating that Cook County did not own or manage the Daley Center. Subsequently, plaintiff deposed Crane and learned that the actual owner of the Daley Center was not named the "Cook County Public Building Commission" but, instead, was named the "Public Building Commission of Chicago." Therefore, plaintiff drafted an order providing (1) "Cook County shall be voluntarily dismissed" and (2) "plaintiff is granted leave to file [an] amended complaint pursuant to [section] 2—401 to correct misnomer." The order was signed by the trial judge and dated September 29, 1989. On that same day, plaintiff filed her amended complaint which deleted the words "Cook County" and added the words "of Chicago" to all references to the Public Building Commission. Plaintiff also issued an alias summons addressed as follows:

Public Building Commission
Richard J. Daley Center
66 W. Washington St.
Room 705
Chicago, IL 60601

The alias summons was served on October 4, 1989, along with both the original and amended complaints.

On November 28, 1989, the Public Building Commission of Chicago (defendant) filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), contending that plaintiff was not diligent in obtaining service until over eight months after the statute of limitations expired. Two days later, defendant filed its appearance (designated as only Public Building Commission) and obtained leave to vacate any defaults against it. After plaintiff filed her response to the Rule 103(b) motion to dismiss, the parties appeared before the trial court. Then, defendant informed the court that it would file a motion to dismiss pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)), contending that the plaintiff's claim against it was barred by the statute of limitations. The court granted leave to file the motion and set a briefing schedule.

Plaintiff argued that the original complaint was timely filed and that the incorrect designation of defendant was a misnomer subject to correction pursuant to section 2—401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—401(b)). The trial court found instead that the incorrect designation was a mistaken identification of a party. Therefore, the court granted the section 2—619(a)(5) motion to dismiss in favor of defendant. The Rule 103(b) motion to dismiss was thereby deemed moot. There is no indication in the record that plaintiff argued the relation back doctrine pursuant to section 2—616(d) (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d)), in the trial court.

OPINION

■■ Section 2—401 of the Code of Civil Procedure provides:

"(b) Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (Ill. Rev. Stat. 1989, ch. 110, par. 2—401(b).)

Courts have held that section 2—401 is narrow and applies only where an action is brought and summons is served upon the party intended to be made defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name. (*Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319.) The party's intent is the ultimate dispositive factor and must be gleaned from objective mani-

festations. (*Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 458 N.E.2d 131.) Furthermore, section 2—401 does not embrace naming the wrong party, provision for which is made in section 2—616. (See Ill. Ann. Stat., ch. 110, par. 2—401, Historical & Practice Notes, at 330 (Smith-Hurd 1983).) Where section 2—401 applies, service of summons after the expiration of the statute of limitations does not bar suit providing that the plaintiff used reasonable diligence in obtaining service upon the proper defendants; however, in cases of mistaken identity, service upon proper defendants is required before expiration of the time provided in the statute of limitations. *Barbour v. Fred Berglund & Sons, Inc.* (1990), 208 Ill. App. 3d 644, 567 N.E.2d 509.

■ Here, plaintiff argues that three factors established that section 2—401 applies: (1) the party named in the complaint ("Cook County Public Building Commission") does not exist; (2) the complaint described the defendants as the owners and managers of the Daley Center; and (3) the defendant received actual notice of plaintiff's claim. We will address each of these factors before setting forth our own analysis.

First, plaintiff, relying on *Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 434 N.E.2d 355, argues that because the "Cook County Public Building Commission" does not exist she could not have intended to sue it as the real party in interest. In *Clinton*, the plaintiff argued that he merely misnamed the real party in interest even though the party named in the complaint in fact existed. The court commented: "The plaintiff's rather subjective explanation of who [*sic*] he intended to sue cannot prevail over a somewhat more obvious conclusion that he intended to sue the specific party who [*sic*] he named in his complaint and who in fact exists." (*Clinton*, 105 Ill. App. 3d at 338, 434 N.E.2d at 356.) Plaintiff's reliance on *Clinton* is misplaced. Our court has subsequently stated:

> "We do not read the *** language in *Clinton* as the establishment of a correlative rule *** that if there is a claim of mistaken identity, then the party mistakenly identified must exist." (*Barbour*, 208 Ill. App. 3d at 650, 567 N.E.2d at 513.)

In *Barbour*, the plaintiff designated defendant under a variety of names, none of which constituted a legal entity. The court still found that plaintiff did not misname the right party but instead named the wrong party. Similarly, although the plaintiff here designated a nonexisting defendant, this is not sufficient evidence that she merely misnamed the real party in interest.

Second, the language in the complaint describing the defendants as the owners and managers of the Daley Center does not establish plaintiff's intent to sue the real party in interest. The plaintiff in *Clinton,* who was suing to recover for injuries sustained in a car accident, made the same argument. The plaintiff contended that he could not have named the wrong party because the complaint stated he intended to sue the person who was in the use, possession, operation, and control of the vehicle. The court responded:

"We do not believe that such general descriptive language in a complaint is sufficient evidence of who [*sic*] the plaintiff intended to sue. It merely begs the question for a plaintiff to contend that he intended to sue the party who caused his injuries." (*Clinton,* 105 Ill. App. 3d at 338, 434 N.E.2d at 356.)

Similarly, we find that plaintiff's argument here merely begs the question of whom she intended to sue.

Third, we do not believe that defendant received actual notice as argued by plaintiff. The two possibilities for notice here were the alias summons and the City of Chicago form "Notice of Claim For Personal Injuries." However, the alias summons was served on defendant after the statute of limitations had expired which, as stated above, is proper only if section 2—401 was otherwise satisfied. As we shall see, we do not believe that section 2—401 was otherwise satisfied. Furthermore, although the City of Chicago form was filed with defendant on the last day of the statute of limitations, it stated that a claim would be made only against the City of Chicago. Therefore, the form did not constitute notice to defendant.

Contrary to plaintiff's arguments, we believe that the following objective manifestations in the complaint and process establish that plaintiff misidentified the real party in interest. Although the "Cook County Public Building Commission" does not exist, "Cook County" *does exist.* Furthermore, there are numerous commissions associated with Cook County; there are also numerous commissions associated with the City of Chicago. With this in mind, we believe that plaintiff misidentified defendant as an entity associated with Cook County instead of properly identifying defendant as an entity associated with the City of Chicago.

In support thereof, we note that plaintiff clearly addressed the initial summons for this defendant to Cook County; plaintiff added the name of Stanley T. Kusper, the clerk of Cook County, to receive the summons. The case law also supports our analysis. In several cases the courts have concluded that the plaintiffs misidentified the real party in interest where they addressed the summons to an in-

correct but existing person. (*E.g.*, *Barbour*, 208 Ill. App. 3d 644, 567 N.E.2d 509; *Ashley*, 101 Ill. App. 3d 292, 427 N.E.2d 1319.) In other cases the courts have concluded that the plaintiffs merely misnamed the real party in interest where they correctly addressed the summons. (*E.g.*, *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574; *Ellis v. Borisek* (1991), 220 Ill. App. 3d 48, 580 N.E.2d 899; *Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 458 N.E.2d 131.) Again, the address on the summons here shows that plaintiff misidentified the real party in interest.

We are cognizant that the trial judge signed an order providing that plaintiff could amend her complaint "pursuant to [section] 2—401 to correct misnomer." We point out that plaintiff drafted the order after the statute of limitations had expired and is therefore not directly relevant to whom defendant intended to sue when she filed her original complaint. The trial court, on its part, entered the order without the benefit of hearing arguments on the issue. At any rate, the order in no way restricts this court's review of the issue on appeal.

Finally, the fact that *defendant* filed papers in the trial court misnaming itself the "Public Building Commission" does not affect or overcome our conclusion that plaintiff mistakenly identified the real party in interest at the time she filed her original complaint.

In sum, plaintiff here did not misname the right party but instead named the wrong party. Therefore, the trial court correctly dismissed defendant pursuant to an expiration of the statute of limitations. It follows that it is not necessary for us to address defendant's Rule 103(b) motion to dismiss. Also, because plaintiff did not raise section 2—616(d) in the trial court, plaintiff has waived the right to argue it on appeal.

Affirmed.

McNULTY, P.J., and GORDON, J., concur.