ESTELLA WEBB, Plaintiff-Appellant, v. AMBULANCE SERVICE CORPO-RATION, Defendant-Appellee.

First District (5th Division)   No. 1—92—2636

Opinion filed May 6, 1994.

Harvey L. Walner & Associates, Ltd., of Chicago (David A. Novoselsky and Linda A. Bryceland, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Richard J. Rettberg, Christine L. Olson, and Gerald A. Kennedy, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

Estella Webb (plaintiff) appeals the trial court's entry of summary judgment rendered in favor of Ambulance Service Corporation (defendant). In particular, plaintiff takes issue with the trial court's denial of her motion for leave to amend her complaint under sections 2—616 (Ill. Rev. Stat. 1987, ch. 110, par. 2—616 (now 735 ILCS 5/2—616(d) (West 1992))) and 2—401 (Ill. Rev. Stat. 1987, ch. 110, par. 2—401 (now 735 ILCS 5/2—401(b) (West 1992))) of the Illinois Code of Civil Procedure to name ASC Medi-Car Services, Inc. (Medi-Car) as the proper defendant.

The issues presented for review are (1) whether the trial court's entry of summary judgment was proper, (2) whether the trial court erred by denying plaintiff's motion to amend her complaint, and (3) whether the proper defendant's name should have been corrected as a misnomer.

We affirm.

BACKGROUND

On August 22, 1988, plaintiff sustained personal injuries when she fell out of a wheelchair while being transported in an ambulatory vehicle which had been dispatched by Medi-Car. On April 16, 1990, plaintiff filed her complaint which solely named defendant as the negligent party responsible for her injuries. Summons also issued on April 16, 1990. However, the sheriff's office was unable to serve defendant through its registered agent, Maurice Alban, on April 25, 27, and 30 and on May 2, 4, 8 and 9. Summons issued again on June 11, 1990. On July 9, 1990, the sheriff attempted service anew, but the summons was returned as "not listed." Alias summons issued on August 13, 1990, for Max Rabin. The sheriff, after attempting service on August 23 and 25, finally effected such on August 27, 1990, five days after the tolling of the statute of limitations.

When no response or pleading was filed by defendant, plaintiff obtained a default judgment on October 5, 1990. On October 24, 1990, defendant filed its appearance and motion to vacate the default judgment which the trial court vacated. Two days later, defendant filed an answer to plaintiff's complaint.

On February 28, 1991, defendant's counsel wrote a letter to plaintiff's counsel indicating that Sanjuana Jenny Leal was the driver involved in the incident. The letter also indicated that Leal was an ASC Medi-Car employee and that the two companies were separate.

Likewise, on March 28, 1991, defendant filed its answers to the interrogatories and denied that it owned the vehicle involved in the incident and stated that it was "believed that the vehicle allegedly involved was owned by ASC Medi-Car Service, Inc."

On May 17, 1991, defendant moved for leave to file *instanter* its motion for summary judgment. The trial court entered an order granting such leave. Defendant filed its summary judgment memorandum on June 3, 1991.

On February 3, 1992, plaintiff filed a notice of deposition for Steve Rabin, defendant's CEO. On March 13, 1992, plaintiff sought leave to file an amended complaint and also filed a response to defendant's motion for summary judgment in which she sought leave to file an amended complaint maintaining that hers was a case of corporate misnomer. Plaintiff argued that defendant had waived any defense as to misnomer by answering her complaint, which made no assertion of corporate misnomer and by continuing to defend her case for over a year without ever having raised the issue of corporate misnomer. In the alternative, plaintiff asserted that she should be permitted to add Medi-Car as a new party because she inadvertently failed to correct the corporation's name.

On June 26, 1992, the trial court granted summary judgment for defendant and denied plaintiff's motion for leave to amend her complaint under section 2—616 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616 (now 735 ILCS 5/2—616(b) (West 1992))) naming an additional defendant, stating that:

"The focus of inquiry in the Appellate Court cases on the issue of 2—616(d)(4) is 'whether an agent of the right defendant was served prior to the expiration of the statute of limitations.' In this case the agent of the 'right defendant' was served five days after expiration of the limitations. Although the result is harsh, this Court is required to follow established law on the issue. Accordingly, plaintiff is denied leave to file an amended complaint naming A.S.C. Medi-Car, Inc."

Plaintiff appealed.

OPINION

I

Plaintiff contends that the trial court's entry of summary

judgment in defendant's favor was improper. We disagree.

Appellate courts apply a *de novo* standard when reviewing summary judgment rulings. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204.

■ While use of summary judgment is encouraged under Illinois law to aid the expeditious disposition of a lawsuit (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867), it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. *Quality Lighting, Inc. v. Benjamin* (1992), 227 Ill. App. 3d 880, 883-84, 592 N.E.2d 377.

And, an order granting summary judgment must be reversed by a reviewing court if it concludes that a material question of fact exists. (*Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 31, 476 N.E.2d 413.) The court must consider all of the evidence presented in a light most favorable to the party opposing entry of summary judgment and accept as true all reasonable inferences favoring such a party. *Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 457, 417 N.E.2d 621.

Although inferences may be drawn from undisputed facts, the motion should not be granted unless the facts give rise to a single inference. *Amsted Industries, Inc. v. Pollak Industries, Inc.* (1978), 65 Ill. App. 3d 545, 549, 382 N.E.2d 393.

Here, in its motion for summary judgment, defendant established that it was not liable to plaintiff since it did not transport plaintiff on the day of the accident. Defendant also established that the vehicle involved was not owned, operated, or controlled by defendant or its employees. Rather, Medi-Car's records indicated that it had provided transportation services to plaintiff on the day of the accident. Plaintiff did not contest the aforementioned facts. Nor does plaintiff challenge such in her brief.

Still, plaintiff claims that there is a question as to whether she intended to sue Ambulance Service or Medi-Car and that there is a question regarding when Medi-Car had knowledge of this suit given the manner in which the two companies held themselves out to the public: shared advertising, shared facilities, shared management, and the logos on the vehicles. Plaintiff contends that the above constitutes sufficient indicia of defendant's and Medi-Car's corporate intermingling such that service on one would impute knowledge to the other.

As will be discussed more below, the trial court properly entered summary judgment for defendant because plaintiff did not satisfy the

requirements of section 2—616(d) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d) (now 735 ILCS 5/2—616(d) (West 1992))).

## II

Plaintiff asserts that the trial court's denial of her motion to amend her complaint constituted error. We disagree.

Of first order is the fact that plaintiff did not meet the requirements of section 2—616(d) (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d)), which governs the amendment of a complaint to add a new defendant *after* the statute of limitations period has expired:

> "A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if *all* the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Emphasis added.)

All of the requirements of section 2—616(d) must be satisfied for a plaintiff to add a defendant after the statute of limitations period has expired, and even if only one of the requisite elements of section

2—616(d) is not met, the amended complaint cannot relate back. (*Thomson v. McDonald's, Inc.* (1989), 180 Ill. App. 3d 984, 987, 536 N.E.2d 760.) We agree with defendant that plaintiff did not meet subsections (2), (3), and (4) of section 2—616(d).

Plaintiff did not satisfy section 2—616(d)(2) because there are no inferences which would demonstrate that she inadvertently failed to join Medi-Car as a defendant. On February 28, 1991, defendant's counsel sent a letter to plaintiff's counsel stating that she had served the wrong defendant:

"Dear Mr. Miller:

I am advised that the driver involved in transporting your client was Sanjuana Jenny Leal, last known address: 3710 North Pine Grove, Chicago, IL 60613 Illinois Drivers License No.: C400-7805-5813 Social Security No.: 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

*She was employed by A.S.C. Medicar Service, Inc. as opposed to Ambulance Service Corporation. These are two separate entities.*" (Emphasis added.)

Defendant reiterated this information in responses to plaintiff's interrogatories filed on March 28, 1991:

"4. Were you the owner or driver of any vehicle involved in said occurrence? If so, were you named or covered under any policy of liability insurance effective on that date of said occurrence and, if so, state the name of each such company, the policy number, the effective period and the maximum liability limits for each person and each occurrence.

ANSWER: No. It is believed that the vehicle allegedly involved was owned by ASC Medicar Service Inc. and covered under Protective Casualty Insurance Company policy #12B00010 with a single policy limit of $500,000.00 in effect from 12/31/87 to 12/31/88.

* * *

8. If the vehicle driven by the driver was not owned by said driver, state the owners' name and current address. (b) If the vehicle owner is not aparty [*sic*] to this action, stte [*sic*] the owners' name and current address.

ANSWER: It is believed that the vehicle allegedly involved was owned by ASC Medicar Service Inc., 2160 N. Milwaukee Avenue, Chicago, Illinois.

* * *

12. State the name and address of each person assigned to the vehicle Plaintiff, Estella Webb was using on the date of the occurrence.

ANSWER: It is believed that the ASC Medicar Service Inc. vehicle sent to transport Estella Webb was being operated by Jenny Leal. Last known address; 3710 N. Pine Grove, Chicago, Illinois 60613."

Further, it was not until after defendant filed its motion for summary judgment in June 1991 that plaintiff sought leave to file an amended complaint to add Medi-Car as a defendant on March 13, 1992. Thus, plaintiff waited 13 months after learning of Medi-Car's existence (from defendant's February 28, 1991, letter to plaintiff) to seek leave to amend her complaint to add Medi-Car as a defendant. Also of significant importance is that plaintiff, during her deposition testimony, stated that she had been transported by Medi-Car and not defendant:

"Q. Now, you called an ambulance company to bring you?

A. I called the ambulance the day before. You have to call before, you know, to see if you could get it, you know.

Q. Was that ASC Medi-Car?

A. Yes. um-hum."

One can also glean, from the following deposition exchange, that plaintiff was cognizant that Medi-Car transported her:

"Q. Okay. Did you use other ambulance services besides ASC Medi-Car?

A. Generally, I used it ***."

Plaintiff's reliance on *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 162, 266 N.E.2d 343, is misplaced because not only did the plaintiff in *Bates* serve the agent of the true defendant in the original action but he satisfied all of the other requirements.

In the present case, plaintiff failed to introduce a genuine question of fact as to whether defendant and Medi-Car were one in the same. Perforce, we cannot find that plaintiff inadvertently failed to join Medi-Car as a defendant and plaintiff's appeal must fail pursuant to section 2—616(d)(2) of the Illinois Code of Civil Procedure.

Although plaintiff's motion fails because she did not meet the requisites of section 2—616(d)(2), plaintiff also failed to comply with the requirements of sections 2—616(d)(3) and 2—616(d)(4) for the following reasons.

Section 2—616(d)(3) provides that service of summons must be had on the person or his agent even though he was served in the wrong capacity. Here, plaintiff has not supplied any facts that would indicate that service was had on Medi-Car or Medi-Car's agent. Nor did plaintiff demonstrate that defendant was Medi-Car's agent.

Section 2—616(d)(4) provides that the person had to have known

that the original action was pending and that it grew out of a transaction concerning him within the time that the action might have been brought. In the case at bar, plaintiff failed to illustrate that Medi-Car knew of the pending action and that it grew out of a transaction in which it was involved within the time that the action might have been brought. Also, plaintiff served defendant five days *subsequent* to the expiration of the statute of limitations.

## III

█ Plaintiff finally contends that the proper defendant's name should have been corrected as a misnomer. We disagree.

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2—401(b) (West 1992) (formerly Ill. Rev. Stat. 1987, ch. 110, par. 2—401(b)).

This rule is a narrow one and will only be applicable where an action is brought and summons is served upon a party intended to be made a defendant (*Barbour v. Fred Berglund & Sons, Inc.* (1990), 208 Ill. App. 3d 644, 648, 567 N.E.2d 509), giving notice to the real party in interest. (*Perry v. Public Building Comm'n* (1992), 232 Ill. App. 3d 402, 405, 597 N.E.2d 723.) Section 2—401 does not govern the situation where the plaintiff names and serves the wrong party, which is regulated by section 2—616. *Perry,* 232 Ill. App. 3d at 406.

Though the plaintiff's intent is of pivotal importance, his subjective intent as to whom he intended to sue is not controlling where the record contains objective manifestations indicating an intent to sue another. *Barbour,* 208 Ill. App. 3d at 648.

In the present case, plaintiff's objective manifestations demonstrated that hers was not a case of misnomer but simply a case in which she named and served the wrong defendant. This is a case of a mistake and not a case of misnomer.

Judgment affirmed.

MURRAY, P.J., and GORDON, J., concur.