MARYLYNN SHAIFER et al., Plaintiffs-Appellants, v. DOMENICO FO-LINO, Defendant-Appellee.

First District (6th Division)   No. 1—93—3339

Opinion filed May 5, 1995.

710

RAKOWSKI, J., dissenting.

Dennis A. VanDer Ginst, of Braud/Warner, Ltd., of Rock Island, for appellants.

Gary W. Bozick and David W. Moore, both of Hoffman, Burke & Bozick, of Chicago, for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Marylynn Shaifer and Rafael Estrada, appeal from an order of the circuit court of Cook County denying their motion to amend their complaint to correct the name of the defendant pursuant to the misnomer provision of the Code of Civil Procedure (Code) (735 ILCS 5/2—401(b) (West 1992)), and from the court's subsequent order denying their motion for reconsideration of its prior order.

The relevant facts are as follows. On August 10, 1989, plaintiffs were allegedly injured in an automobile accident involving another vehicle driven by Dominic Folino. The police accident report correctly listed Dominic as the driver. Plaintiffs filed this personal injury action on January 2, 1991, naming *Domenico* Folino as the sole defendant. Domenico is the father of Dominic and the registered owner of the car Dominic was driving at the time of the accident. Domenico and Dominic resided together at the same address.

In their complaint, plaintiffs alleged in paragraph 2 that:

"[T]he defendant, DOMENICO FOLINO, at said time and place, owned a certain vehicle *which he was then operating* in a westerly direction on 31st Street at or near the aforesaid intersection." (Emphasis added.)

In his answer, Domenico responded to paragraph 2 as follows:

"The defendant, DOMENICO FOLINO, admits ownership but denies each and every allegation contained in paragraph 2 of plaintiffs' complaint at law."

In paragraph 4 of their complaint, plaintiffs alleged that "the defendant committed one or more of the following acts of omission or commission," and proceeded to delineate various allegations of negligence in the operation of the vehicle at the time of the accident.

On January 16, 1991, plaintiffs attempted service on the named defendant at his residence located at 3055 South Emerald in Chicago, but were unsuccessful in doing so. Several subsequent attempts at service were made on Domenico at that address, to no avail. On June 6, 1991, plaintiffs filed a motion seeking to appoint a special process server. Plaintiffs' motion was granted, and service at the home of Dominic and Domenico was effected on June 17, 1991. At his deposition, Bill Petropoulos, the special process server, testified that he left a copy of plaintiffs' complaint and an alias summons with a woman who identified herself as "Mother Rosa." Petropoulos described Rosa as a white female approximately 55 years of age; the record is undisputed that she was Dominic's mother. Petropoulos also mailed a copy of the complaint and summons to the South Emerald address. On August 2, 1991, Domenico filed his appearance and answer. Thereafter, the parties engaged in written discovery and conducted various depositions, including those of Dominic and Domenico. Domenico was produced for his deposition on February 27, 1992. It was then that plaintiffs first discovered that the name of the person referred to as the defendant in their complaint was not the name of the intended defendant, namely, Dominic, the operator of the car at the time of the accident. Domenico testified at his deposition that he lived at 3055 South Emerald with his wife Rosa and son Dominic. He stated that he was the registered owner of the car involved in the accident but was not the driver. He learned of the accident from another son some time after it occurred.

A few weeks after Domenico's deposition, plaintiffs filed a motion to amend their complaint pursuant to section 2—401(b) of the Code, contending that the named defendant was a misnomer and that an amendment was necessary to correct it. The trial court denied plaintiffs' motion on the ground that they were attempting to add a

new party after the running of the statute of limitations, rather than attempting to merely correct a misnomer. The trial court also rejected plaintiffs' contention that this case could be treated as one of misidentification rather than misnomer, such that the relation-back provisions of section 2—616(d) of the Code (735 ILCS 5/2—616(d) (West 1992)) would apply.

Plaintiffs filed a motion to reconsider the court's ruling, and the trial court heard the matter on August 16, 1993. Prior to the hearing, however, the depositions of Dominic and Petropoulos were taken. Petropoulos testified that he went to 3055 South Emerald, rang the doorbell to the Folino home, and a woman, who did not speak English well, answered. The woman asked Petropoulos who he was and what the papers he had were for, and he told her they were in regard to a car accident. In response to this, the woman stated they were "for her son." Petropoulos recorded in his records that the papers were received by "Mother Rosa," whom he described as a white female, age 55. Petropoulos testified that, if Rosa had told him the papers were for her husband Domenico, he would have recorded "wife" instead of "mother" Rosa.

Dominic testified that on the date of the accident, he was living with his parents, Domenico and Rosa, at 3055 South Emerald. Dominic stated that his birth name was Sebastiano Domenico Folino, but that he had his first name legally changed to Dominic in 1983. His middle name remained unchanged, so that his full name became Dominic Domenico Folino. Dominic stated that he never went by the name Domenico and that his license reflected the name Dominic Folino.

Dominic admitted his involvement in the accident. He stated that immediately following the accident, he drove the car to the dealership where his brother was employed and left it there for repair. When he arrived home that evening, he did not tell his parents about the accident. He told them about it some time later, after his brother had already done so. He stated the car belonged to him but was registered in his father's name because the insurance was less expensive that way. Dominic had been involved in a previous auto accident in 1985 or 1986. He testified that he saw a copy of a complaint at his home but assumed it was in regard to the prior accident and thus paid no attention to it. At some point, he was informed by his parents that the complaint was for him; they told him "the people [were] suing." He told them he would "let the insurance company handle it." His father contacted the insurance company and sent them a copy of what Rosa had received from Petropoulos. Dominic later spoke with someone at the insurance company and gave his account of the accident.

At the hearing on the motion to reconsider, Laura Naleway, an attorney from the firm which initially represented plaintiffs, appeared to explain why Domenico, rather than Dominic, was listed as the defendant in this action. Naleway acknowledged that the police report listed Dominic Folino as the driver of the vehicle. She indicated, however, that her office had initially sent a standard attorney lien letter to Dominic Folino at his home and received a response from the insurance company stating that their insured's name was Domenico. She further indicated that her office had no knowledge of a separate person named Domenico and that they had intended merely to sue the driver of the vehicle. Naleway explained that they were "misled by the letter from the insurance company that Domenico [rather than Dominic] was in fact the correct name."

After considering the arguments of counsel, the court denied the motion to reconsider and on January 29, 1994, granted Domenico's motion for summary judgment.

On appeal, plaintiffs contend that the trial court erred in denying their motion to amend since the error in defendant's name was allegedly only a misnomer. Plaintiffs further contend that, even if the error was not a misnomer, it was a case of mistaken identity and they should have been allowed to amend their complaint accordingly.

■ Whether a case involves a misnomer of a party or mistaken identity depends upon whom the plaintiff intended to sue and whether the real party in interest was sued. (*Greil v. Travelodge International, Inc.* (1989), 186 Ill. App. 3d 1061, 541 N.E.2d 1288.) A misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name. (*Borg v. Chicago Zoological Society* (1993), 256 Ill. App. 3d 931, 628 N.E.2d 306; *Perry v. Public Building Comm'n* (1992), 232 Ill. App. 3d 402, 597 N.E.2d 723; *Ellis v. Borisek* (1991), 220 Ill. App. 3d 48, 580 N.E.2d 899.) Mistaken identity, on the other hand, occurs when the wrong person is named and served. (*Borg*, 256 Ill. App. 3d at 934, 628 N.E.2d at 307; *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574.) "The determination of whether the plaintiff sued the wrong party or whether she merely sued the proper party under the wrong name (misnomer) is crucial because the result will differ depending upon which statute is applied." (*Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 573, 458 N.E.2d 131, 132.) In the case of a misnomer, section 2—401(b) of the Code applies, whereas in the case of mistaken identity, section 2—616(d) applies.

Section 2—401(b) provides:

"(b) Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2—401(b) (West 1992).

Section 2—616(d) provides:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(d) (West 1992).

Whether a particular case involves misnomer or mistaken identity depends on the intent of the plaintiff. (*Barbour v. Fred Berglund & Sons, Inc.* (1990), 208 Ill. App. 3d 644, 567 N.E.2d 509.) It is well settled that a plaintiff's subjective intent as to whom he intended to sue is not controlling where the record contains objective manifestations indicating an intent to sue another. *Barbour*, 208 Ill. App. 3d at 648, 567 N.E.2d at 512; *A-Z Equipment Co. v. Moody* (1980), 88 Ill. App. 3d 187, 410 N.E.2d 438.

This case presents the rather unique situation in which the individual named as the defendant in the action, Domenico Folino, and

the individual whom plaintiffs allege they intended to name as the defendant, Dominic Folino, lived at the same address at the time the accident occurred and when the complaint and summons were served. As the facts reveal, Domenico is the father of Dominic and the registered owner of the car involved in the accident, while Dominic was the driver of the car. Domenico argues that the trial court properly denied plaintiffs' request to amend their complaint pursuant to section 2—401(b) because it is apparent, by virtue of their having named him as the defendant in the complaint, that he was the intended defendant. In support of this contention, Domenico cites *Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 338, 434 N.E.2d 355, 356, wherein the court held that "[t]he most probative evidence of who a plaintiff intended to sue is the party named by the plaintiff in the complaint."

In *Avello*, the plaintiff was involved in an automobile accident with another vehicle driven by Bernard *J.* Avello. A day before the statute of limitations expired, the plaintiff filed suit against Bernard *V.* Avello, who was the father of Bernard J. and the owner of the vehicle. Summons was placed for service on Bernard V. and was returned as having been served on "Bernard Avello." An appearance and answer were later filed on behalf of Bernard V. At his deposition, which took place approximately a year and a half after service of process was effected, Bernard V. disclosed for the first time that he was not the driver of the car. Bernard V.'s subsequent motion for summary judgment was granted.

In affirming the trial court's judgment, the court in *Avello* found that the actual intent of the plaintiff was to sue Bernard V. as manifested by the fact that Bernard V. was named as the defendant in the complaint; that he existed in fact; that he was the owner of the vehicle described in the complaint; that summons was placed for service on Bernard V. and he was served at his residence; and that Bernard J. was not served. (*Avello*, 105 Ill. App. 3d at 338, 434 N.E.2d at 356.) (Bernard V. and Bernard J. did not live at the same address.) The court declined to accept the plaintiff's contention that the language of his complaint, stating that he intended to sue the person who was in the "use, possession, operation, and control *** of the vehicle," represented an objective manifestation of his intent to sue Bernard J., rather than Bernard V. (*Avello*, 105 Ill. App. 3d at 338, 434 N.E.2d at 356.) The court found that "such general descriptive language" alone was insufficient evidence of whom the plaintiff intended to sue and accordingly concluded that there was no misnomer. *Avello*, 105 Ill. App. 3d at 338, 434 N.E.2d at 356.

■ We believe the facts in the present case are sufficiently distin-

guishable from those in *Avello* so as to support a finding that the naming of Domenico as the defendant was a misnomer. The crucial distinction between this case and *Avello*, in our view, is that Domenico and Dominic lived at the same address both at the time of the accident and when service of process was effected. Naleway, whose law firm initially represented plaintiffs in this action, explained at the hearing on plaintiffs' motion to reconsider that when plaintiffs' lawsuit was initiated, her firm sent a standard attorney lien letter to *Dominic* Folino at his home and received a response from the insurance company covering the vehicle that the named insured was *Domenico*. Believing this to be a correction of the spelling of Dominic's name, plaintiffs drafted their complaint to reflect the name Domenico, rather than Dominic, as the defendant. Service was effected at Dominic's (and Domenico's) home address by Petropoulos, and the complaint and summons were received by Dominic's mother, Rosa, who indicated to Petropoulos that the papers were for her son Dominic, rather than her husband Domenico.

We acknowledge the *Avello* court's holding that the party named by the plaintiff in the complaint is the most probative evidence of whom the plaintiff intended to sue. The court did not hold, however, that it is the only evidence to be considered. Indeed, other objective manifestations of an intent to sue another in a given case are also relevant in determining whether a misnomer exists. (*Barbour*, 208 Ill. App. 3d at 648, 567 N.E.2d at 512.) Here, there are several such manifestations of plaintiffs' intent to sue Dominic, rather than Domenico, Folino. They include: (1) the fact that the attorney lien letter sent by plaintiffs' counsel was addressed and sent to *Dominic*, not Domenico, at the outset of the action; (2) the fact that plaintiffs' complaint alleges various acts of negligence solely against the *operator* of the vehicle involved in the accident (Dominic), not the owner (Domenico) (see, *e.g.*, *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574 (holding the misnomer statute provided relief based in part on the fact that the body of the complaint demonstrated that the plaintiff intended to sue the general contractor and owner of the real estate where plaintiff was injured, which party was misnamed in the complaint)); (3) the fact that service of process was effected at Dominic's address of record, notwithstanding that it also happened to be Domenico's address; and (4) the fact that plaintiffs took steps to amend the name of the defendant to reflect the operator of the vehicle (Dominic) as soon as they became aware of the error.

■ The record demonstrates, moreover, that Dominic was served with process, albeit under the wrong name, further persuading us that this is a case of misnomer. Dominic testified at his deposition

that he saw the complaint and summons at his home and that his parents at some point informed him that plaintiffs were suing him and that the documents Petropoulos delivered were for him. Petropoulos testified that Dominic's mother received the documents and stated they were for her son, prompting Petropoulos to record "Mother Rosa" as the individual to whom the process papers were given. In light of this evidence, it is wholly reasonable to assume that Rosa timely informed Dominic that a complaint and summons had been served upon him by plaintiffs. Indeed, Dominic testified at his deposition that upon learning of the lawsuit, he told his parents he would "let the insurance company handle it," and he admitted speaking with someone from the insurance company about the accident, to whom he readily acknowledged his involvement. Under these circumstances, there appears to be little question that the proper party in this case, namely, Dominic, had actual notice of the complaint that plaintiffs had filed against him and thus had notice of the need to respond. As stated, a misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name. (*Borg*, 256 Ill. App. 3d at 934, 628 N.E.2d at 308; *Yedor v. Centre Properties, Inc.* (1988), 173 Ill. App. 3d 132, 527 N.E.2d 414.) That is precisely what occurred here. Accordingly, we hold that the misnomer provision found in section 2—401(b) of the Code applies in this case. Other cases in which the misnomer provision was found not to apply are distinguishable.

In *DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796, 484 N.E.2d 1220, the court refused to view the erroneous naming of the defendant, Ladd Enterprises, Inc., as a misnomer, in part because the name of the actual party in interest, Inproject Corporation, "was not in any way similar to" the name Ladd Enterprises, Inc., "so as to make this case fall in line with those cases that have found that a misnomer was not a ground for dismissal because the name of the party sued was substantially similar to the correct name." (*DeSeve*, 137 Ill. App. 3d at 802, 484 N.E.2d at 1224.) In the present case, however, the names of the intended defendant, Dominic Folino (whose full name is Dominic Domenico Folino), and the one referred to in the complaint, Domenico Folino, were substantially similar. In addition, they resided at the same address, thus resulting in notice to Dominic of the action against him, further distinguishing this case from other cases in which the misnomer provision was determined not to apply notwithstanding that the names of the intended defendant and the one contained in the complaint were substantially similar.

In *Thompson v. Ware* (1991), 210 Ill. App. 3d 16, 568 N.E.2d 500, for instance, the plaintiff was involved in a car accident in which the other vehicle involved was owned by Lynetta Marie Ware but was driven by Lynetta's identical twin sister, Lynette Marie Owens. The police accident report listed the driver of the Ware automobile as "Lunite M. Owens" and listed her home address as 110 West Jefferson, Springfield, Illinois. Subsequently, counsel for plaintiff wrote a letter to "Lunite M. Owens" and sent it to the Jefferson Street address, with a certified return receipt requested. The return receipt was signed by Lynetta M. Ware. A letter from counsel to the insurance company listed for the Ware automobile was sent the same day and resulted in a letter from the company indicating the insured was Lynetta M. Ware. Thereafter, the plaintiff filed her personal injury action against Lynetta Marie Ware, who was subsequently served with summons.

Several months after service was made on Lynetta, the deposition of Lynetta was taken, during which the plaintiff first discovered that Lynetta's twin sister, Lynette, was in fact the driver. Upon discovery of the mistake, plaintiff moved to correct the name of the defendant from Lynetta Marie Ware to Lynette Marie Owens pursuant to section 2—401(b) of the Code. The motion was denied, and summary judgment was entered for defendant.

The reviewing court upheld the trial court's order on the ground that plaintiff failed to demonstrate that the individual which she sought to name as the defendant—Lynette Marie Owens—had notice that a lawsuit had been filed against her and had an opportunity to defend. (*Thompson*, 210 Ill. App. 3d at 19, 568 N.E.2d at 502.) The court concluded that, since section 2—401(b) can be used even after judgment, "[i]f we were to find misnomer under the present facts, theoretically, if judgment had been entered prior to the motion [to correct the name of the defendant], it could be subsequently enforced against Lynette Marie Owens, even though she was never given notice or had the right to defend." The court found that such a result was not envisioned in section 2—401(b). *Thompson*, 210 Ill. App. 3d at 19, 568 N.E.2d at 502-03.

Similarly, in *Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, 298 N.E.2d 395, no service was attempted or made on the true party in interest, who, as in this case, was the named defendant's son who lived with the defendant. The failure to serve the son was a primary factor on which the *Stevens* court relied in concluding that the plaintiff sued the wrong party and did not simply misname the correct party.

In the present case, however, unlike in *Thompson* and *Stevens*,

service was in fact made on the true party in interest, Dominic. Indeed, as the record amply demonstrates, the fact Dominic was the intended defendant was no secret either to Dominic himself or to his family, as reflected by his mother's statement to Petropoulos that she knew the complaint and summons he delivered were for her son.

In *Yedor*, this court found that section 2—401(b) applied where the plaintiff served an agent of the real party in interest, Ace Disposal Division of Waste Management of Illinois, Inc., which the plaintiff had incorrectly named in his complaint as Ace Disposal Service, Inc., an existing entity. The court held that, since the real party in interest, albeit improperly named, had actual notice that it was being called upon to respond to the plaintiff's charges of negligence, the misnomer statute properly applied. *Yedor*, 173 Ill. App. 3d at 138, 527 N.E.2d at 418.

The court in *Hatcher* (120 Ill. App. 3d 571, 458 N.E.2d 131) likewise found section 2—401(b) to apply. There, the plaintiff was involved in an automobile accident in which her vehicle was hit by another vehicle which she alleged was driven by one Danelle Kentner. Earline Kentner was the actual driver. Daniel Kentner, Earline's husband, was the owner of the vehicle. An investigating police officer prepared a police report which correctly identified the drivers of the respective vehicles. In her complaint, filed two days before the statute of limitations expired, the plaintiff erroneously named Danelle Kentner instead of Earline as the defendant and alleged that she was the operator of the vehicle which struck her automobile. Service of summons was attempted under the name Danelle Kentner, but was never effected. An answer was filed which also bore the name of Danelle Kentner as the defendant. The defendant's answer admitted the allegations of the plaintiff's complaint regarding the identity of the owner and operator of the vehicle as being Danelle Kentner. When the error in the defendant's name was discovered, the plaintiff filed a motion to amend to change the name from Danelle to Earline Kentner. That motion was denied, and summary judgment was later granted for the defendant.

In concluding the name Danelle Kentner as the defendant was a misnomer and that the intended defendant was Earline, the court relied in part on the language of the complaint in which the intended defendant was consistently referred to in the female gender. Another factor on which the court relied was that the plaintiff had the correct address for Earline despite the wrong first name. (*Hatcher*, 120 Ill. App. 3d at 573, 458 N.E.2d at 132.) The court concluded that the plaintiff's intent to name Earline Kentner as the party defendant "was clear from her pleadings despite defendant's contention that

the two first names don't 'sound' alike." (*Hatcher*, 120 Ill. App. 3d at 575, 458 N.E.2d at 133.) The court stated that, "[t]o hold otherwise would, in our opinion, clearly exalt form over substance and allow defendant to deprive plaintiff of her day in court and frustrate on a minor technicality the resolution of the litigation on the merits." *Hatcher*, 120 Ill. App. 3d at 575, 458 N.E.2d at 133-34.

We note that the decision whether to grant or deny a party's request to amend its pleading rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. In determining whether the court's discretion has been abused, the central concern is whether the court's decision furthers the ends of justice. (*Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 488 N.E.2d 1111.) In the present case, we do not believe justice was served by the trial court's refusal to allow plaintiffs to amend their complaint to reflect the true name of the intended defendant pursuant to the misnomer statute. In light of the circumstances presented in this case, we hold that the misnomer provision applies and accordingly find that the trial court erred in depriving plaintiffs of the opportunity to correct the misnomer.

Because we have determined that section 2—401(b) of the Code is applicable here, we need not address plaintiffs' additional contention that section 2—616(d), pertaining to cases of mistaken identity, also applies.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

EGAN, J., concurs.

JUSTICE RAKOWSKI, dissenting:

Section 2—401(b) of the Illinois Code of Civil Procedure provides: "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (735 ILCS 5/2—401(b) (West 1992).) "The misnomer rule is narrow, however, and applies only where an action is brought and summons served upon a party intended to be made a defendant (thus giving actual notice of the lawsuit against the real party-in-interest), but the process and complaint do not refer to the person by his correct name." (*Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 294, 427 N.E.2d 1319.) If, however, the wrong party is joined and served, as in the present case,

section 2—401(b) is of no consequence. "The courts of this State have long distinguished the misnomer rule, which is applicable only to correctly joined and served but misnamed parties, from those cases where due to mistaken identity the wrong person is joined and served." *Ashley*, 101 Ill. App. 3d at 294-95.

The pivotal inquiry concerning misnomer is whom the plaintiff intended to sue. "The most probative evidence of who[m] a plaintiff intended to sue is the party named by the plaintiff in the complaint. If such a party in fact exists, but is not the real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party." (*Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 338, 434 N.E.2d 355; *Greil v. Travelodge International, Inc.* (1989), 186 Ill. App. 3d 1061, 1064, 541 N.E.2d 1288.) Where the record evinces objective facts indicating an intent to sue another, it is a case of mistake and not misnomer. *Webb v. Ambulance Service Corp.* (1994), 262 Ill. App. 3d 1039, 1046, 635 N.E.2d 643.

In applying the foregoing law to this case, I find it inescapable that the plaintiff intended to name and serve and did in fact name and serve the wrong party. Plaintiff knew from the police report that the real party in interest was Dominic Folino, and sent a lien letter to Dominic Folino. Yet, after being informed by State Farm that its insured was Domenico Folino, plaintiff named and served Domenico Folino. Clearly, this is a case of mistaken identity and not misnomer. Domenico Folino is the wrong party and in fact exists.

Contrary to the majority's view, I find *Clinton v. Avello*, which also involved a father (owner) and son (driver), to be controlling precedent. Although the majority attempts to distinguish *Clinton* on the basis that the father and son in the instant case resided in the same residence, I respectfully submit such a distinction is insignificant and contrary to established authority. The pertinent inquiry is whether the proper party was named and served but by an incorrect name. The fact that both parties resided in the same household only helps explain how the mistaken identity occurred.

Moreover, this identical situation has been addressed and decided contrary to the majority position. In *Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, 298 N.E.2d 395, plaintiff filed a complaint against "William Yonker" and obtained service by leaving a summons with "Mrs. W. Yonker (wife)." The defendant, as in the instant case, filed an appearance and answer which admitted ownership of the car, but denied other allegations. Discovery revealed the true party in interest was "Bruce Yonker" who, as in the instant case, was the son of the named party and resided in the same house. The plaintiff attempted to amend claiming "William" was a misnomer. The court held:

"The single issue is whether plaintiff sued the proper party but under the wrong name or sued the wrong party. Plaintiff sued and served William, who was Bruce's father and the owner of the automobile in question. No service was attempted or made on the defendant's son, Bruce, the driver. Under the facts, there is no doubt that the plaintiff sued the wrong party. *This is not changed by the fact that the owner and driver of the vehicle in this instance had the same last name, were father and son, and resided in the same household.*" (Emphasis added.) *Stevens*, 12 Ill. App. 3d at 234.

Although the majority attempts to distinguish *Stevens* by saying that in the instant case service was made on Dominic, I disagree. The record is clear that the person named in the complaint and summons was Domenico Folino. The fact Dominic and his mother both knew that Dominic was the real party in interest is simply not relevant as to who in fact was named and served.

Accordingly, I respectfully submit that the trial judge correctly determined that Domenico Folino was the wrong party, that naming and serving him was a case of mistaken identity, and that the misnomer rule does not apply. I would affirm.